## BYROAD (GENERAL MOTORS ACCEPTANCE CORPORATION, Intervener) v. UNITED STATES.

Court of Appeals of District of Columbia. Argued October 7, 1929. Decided November 4, 1929.

No. 4973.

Wm. B. Wright, of Washington, D. C., for plaintiff in error.

Leo A. Rover and James R. Kirkland, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This proceeding relates to an order of the Police Court overruling the petition of the plaintiff in error which asserted a lien upon an automobile seized and condemned to be sold under the provisions of the National Prohibition Act.

It appears that one Byroad was arrested upon a charge of unlawful transportation of intoxicating liquor by use of a certain Buick automobile, within the District of Columbia. He entered a plea of guilty, whereupon the Police Court pronounced sentence upon him, and ordered that the automobile be sold. An intervening petition was then filed by the General Motors Acceptance Corporation, which is the real plaintiff in error herein, to establish a lien upon the automobile for an unpaid balance of the purchase price secured by a conditional sales contract thereon. The Police Court after hearing the evidence held that certain facts existed when the petitioner accepted its lien tending to show that Byroad might use the automobile in the illegal transportation of intoxicating liquor, and that a knowledge of these facts should be "imputed" to the petitioner under the circumstances, although no information concerning them ever actually came to petitioner's notice. The court accordingly held that the petitioner was thus constructively put upon notice that the automobile might be used in the illegal transportation of liquor, and overruled the petition. This proceeding was brought to review that order.

It appears that the automobile in question was sold to Byroad by Dick Murphy, Inc., a dealer in automobiles doing business in the city of Washington; that a valid conditional sales contract was accepted by the vendor for part of the purchase price; and that this was transferred by proper assignment on the same day to the plaintiff in error herein. It is conceded that the sum of $600 remained due and payable upon the lien at the time when the automobile was seized.

When Byroad first proposed to buy the automobile, he delivered a "purchaser's statement" to the vendor containing information concerning himself, and giving the names of three persons as references. The vendor immediately submitted this statement to a mercantile agency for investigation, having especial reference to whether Byroad was a "liquor suspect," and for a report thereon to vendor and the plaintiff in error. The agency thereupon made inquiry concerning Byroad among his neighbors, and from his references and other persons, and also by consulting its "black list" containing the names of persons who had been arrested for offenses against the liquor laws. The information obtained by the agency was entirely favorable to Byroad, and that fact was reported to the vendor and plaintiff in error. Thereupon these parties, being convinced that Byroad was a law-abiding man, sold the automobile to him and accepted a conditional sales contract for

part of the purchase price. The record contains no question as to the good faith of the vendor or plaintiff in error, nor as to the character or good faith of the mercantile agency which acted in the matter.

The government however offered evidence to prove that about seven years before the date of this transaction Byroad had been arrested and convicted of violating the National Prohibition Act at Cumberland, Md.; and that about four years later he was arrested for conducting a saloon in Baltimore, Md., and later for a violation of the pharmacy laws in the District of Columbia. Evidence was also introduced by the government to prove that two of the references named by Byroad had been convicted of violating the liquor and drug laws at Baltimore, Md.

It is not charged that either the vendor or the plaintiff in error had any knowledge of any of these arrests, nor that the mercantile agency discovered them in its investigations. It is alleged, however, that the records of the agency contained a notation of the arrest of one of the references, and that this might have been discovered by the agency if a proper investigation had been made. It is claimed by the government that the agency was chargeable with notice of the notation upon its records, and that this notice was imputable to plaintiff in error, upon the theory that the employment of the agency made it the agent of the plaintiff in error.

We think these claims are untenable, and that the facts do not sustain the order of the Police Court denying the lien of the plaintiff in error. Section 26, title 2, of the National Prohibition Act (27 USCA § 40), provides in part as follows: " * * * The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the costs of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall pay the balance of the proceeds into the Treasury of the United States as miscellaneous receipts. * * * "

The lien involved herein was bona fide, and was created without the lienor having any notice that the carrying vehicle was about to be used for the illegal transportation of liquor. It is plain that the lienor did not have actual notice of such an intent or purpose upon the part of the purchaser, nor of any facts which ought to have put it on inquiry as to the purpose for which the automobile was to be used. The sole charge made against the lienor is that when making a bona fide investigation of the transaction it failed to discover certain existing facts which might have excited suspicion, and led to further investigation. To hold that such a showing is equivalent to proof of notice is to broaden the terms of a penal statute, which properly is to be strictly construed. United States v. One Cadillac Town Car Automobile, 57 App. D. C. 183, 18 F.(2d) 1005. The conduct of the lienor was prudent and careful, and its bona fide lien should not be defeated because of the fact that notwithstanding its diligent investigation it failed to discover certain remote circumstances which the government claims should have excited its suspicions. Nor can it be said that the conduct of the vendor or the lienor showed "neglect, indifference, consent or acquiescence manifested in advance, or condonation or ratification afterwards, or other fault or inequitable conduct," in the transaction. United States v. Kane (D. C.) 273 F. 275. Rather it is apparent that the automobile was sold and the lien was taken in good faith, after the exercise of at least ordinary diligence in investigating the character of the vendee, with a view to preventing the use of the automobile in the unlawful liquor traffic. See United States v. Sylvester (D. C.) 273 F. 253; Jackson v. United States (C. C. A.) 295 F. 620; United States v. Smith and Carlow (D. C.) 295 F. 624; Oakland Motor Car Co. v. United States (C. C. A.) 295 F. 626; Shelliday v. United States (C. C. A.) 25 F.(2d) 372; United States v. Allen (D. C.) 31 F.(2d) 325.

The order of the Police Court overruling the intervening petition of the plaintiff in error is reversed, and the cause is remanded for further proceedings not inconsistent herewith.