## UNITED STATES v. ONE NASH SEDAN.
### No. 2309.

District Court, E. D. New York.
March 4, 1930.

Joseph G. Myerson, of New York City, for claimant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (J. Bertram Wegman, Asst. U. S. Atty., of New York City, and Emanuel Bublick, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

MOSCOWITZ, District Judge.

This is a proceeding brought by the libelant to forfeit one Nash sedan, license No. 5–N–2169 N. Y. 1929, motor No. B–21471. This case has been submitted to the court upon a written stipulation which provides, among other things, the following: "the Court may direct a verdict thereon with the same force and effect as though the same were a verdict of a jury, a jury being waived for all purposes."

On January 17, 1929, the Nash sedan described in the title of this action was seized within this district. Said automobile was being used by one Frank Merenberg for the transportation of whisky.

Thereafter an information was filed against Merenberg for the unlawful transportation of intoxicating liquor. He pleaded guilty on or about April 19, 1929, and was duly convicted and sentenced to pay a fine therefor.

Prior to the seizure and on or about November 22, 1928, Merenberg purchased the said automobile from the Warren Nash Motors Corporation of New York under a conditional sales contract, which contract was thereafter assigned to and purchased by the C. I. T. Corporation, claimant herein. At the time of the seizure there was due and owing to the said C. I. T. Corporation, under the terms of said conditional sales contract, the sum of $879. It was further stipulated that the value of the car at the time of the seizure was $600.

Neither the Warren Nash Motors Corporation of New York nor the C. I. T. Corporation, the claimant, had any knowledge that this automobile was to be used for the transportation of liquor.

Prior to the sale of the automobile to Merenberg the C. I. T. Corporation made a careful investigation concerning Merenberg. This is set forth at length in the stipulation.

The investigation conducted by the C. I. T. Corporation prior to the sale disclosed no facts upon which the claimant might have been placed on notice that the automobile would be used for illegal purposes, and is therefore entitled to judgment in its favor. Shelliday v. United States (C. C. A.) 25 F. (2d) 372, and Byroad v. United States (App. D. C.) 35 F.(2d) 875.

The claimant has a bona fide lien against the said automobile to the extent of $879.

Settle judgment on notice.