## UNITED STATES v. ONE NASH COACH.
### No. 2213.

District Court, E. D. New York.
March 4, 1930.

See, also, 39 F. (2d) 244.

Joseph G. Myerson, of New York City; for claimant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (J. Bertram Wegman, Asst. U. S. Atty., of New York City and Emanuel Bublick, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

MOSCOWITZ, District Judge.

This is a proceeding brought by the libelant to forfeit one Nash coach, license No. 5T–273 N. Y. 1928, motor No. 32175. This case has been submitted to the court upon a written stipulation which provides, among other things, the following: "The Court may direct a verdict thereon with the same force and effect as though the same were a verdict of a Jury, a Jury being waived for all purposes."

On June 8, 1928, there was lawfully seized within this judicial district the said Nash coach described in the title of this action. At the time of the seizure the said automobile was being used by one Angelo Sciarbarasi for the transportation of intoxicating liquor

Thereafter an information was filed against Sciarbarasi for the unlawful transportation of intoxicating liquor, to which information said Sciarbarasi did plead guilty on or about October 16, 1929, and was duly convicted and sentenced to pay a fine therefor.

Prior to the seizure and on or about December 2, 1927, one Sam Panzica purchased the said automobile from the L. A. D. Motors Corporation of Brooklyn, N. Y., under a conditional sales contract, which contract was thereafter assigned to and purchased by the C. I. T. Corporation, the claimant herein. At the time of the seizure there was due and remains owing and unpaid to the claimant under the terms of said conditional sales contract the sum of $721.46. The value of said car at the time of the seizure was $800.

It was stipulated that at the time of the assignment and purchase of said conditional sales contract, the C. I. T. Corporation had no actual notice or knowledge that the said automobile would be used for the unlawful transportation of intoxicating liquor, but that, by reason of the fact that the claimant had lost its records, it was unable to prove what investigation, if any, was made pertaining to the character and business of the said Panzica.

Immediately after the arrest a special agent of the United States Treasury Department was assigned to investigate Panzica. He was unable to locate him. A later investigation by another special agent of the same department was likewise unsuccessful in finding any record of Panzica.

It does not appear that the L. A. D. Motors Corporation or the C. I. T. Corporation, the claimant, had any knowledge that this automobile was to be used for the transportation of liquor.

No facts were disclosed to the L. A. D. Motors Corporation or the C. I. T. Corporation, the claimant herein, which might have placed them on notice that the automobile would be used for illegal purposes. The claimant is therefore entitled to judgment in

its favor. See U. S. v. One Nash Sedan (D. C.) 39 F.(2d) 244, decided this day.

The claimant has a bona fide lien against the said automobile to the extent of $721.46.

Settle judgment on notice.