## MANUFACTURERS' FINANCE CO. v. UNITED STATES.

### No. 5022.

Court of Appeals of District of Columbia.

Argued Dec. 3, 1929.

Decided June 2, 1930.

A. M. Schwartz, of Washington, D. C., for plaintiff in error.

Leo A. Rover and H. W. Orcutt, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This case is here on writ of error to the police court from an order sustaining the seizure of an automobile which was used in transporting intoxicating liquor.

It appears from an agreed statement of facts that one Moss, a salesman for the Ourisman Chevrolet Sales Company, was approached by a bootlegger to purchase the automobile in question. Knowing that he could not put the sale through in the name of the purchaser and thereby secure his commission, he forged the name of an acquaintance of good reputation on a conditional sale contract and note, which he submitted to his employer for acceptance. The sales company, on investigation of the person whose name appeared on the contract, approved it, and the sale was made.

The contract and note were transferred to the appellant, Manufacturers' Finance Company. When the arrest and seizure of the automobile was made, the finance company intervened, as it was authorized to do under the act of Congress, and filed its petition for the release of the automobile, claiming a right to the automobile under the fraudulent contract of sale. The fraud was not known to it or to the sales company. The reliability and responsibility of the person whose name was attached to the note and contract of sale is unquestioned. The court denied the petition of the finance company, and directed the confiscation and forfeiture of the automobile.

In Byroad (General Motors Acceptance Corporation, Intervener) v. United States, 59 App. D. C. 105, 35 F.(2d) 875, this court held that, where an automobile was sold in good faith under a conditional sales contract, without knowledge on the part of the seller or of the assignee of the contract that the car would be used for the illegal transportation of liquor, and where the seller and assignee, after making a bona fide investigation, failed to discover existing facts which might have excited suspicion and led to further investigation, such concealed facts were not sufficient to establish constructive notice that the automobile might be used illegally in the liquor traffic. Under these facts it was held that a forfeiture of the car, or the interest of the intervener therein, could not be sustained under the National Prohibition Act, tit. 2, § 26 (27 USCA § 40).

The principle involved in the Byroad Case applies to the case at bar so aptly that the decision in that case is controlling in this.

The judgment of the police court is reversed.