## UNITED STATES v. ONE STUDEBAKER COMMANDER 8 COUPÉ, MOTOR NO. C. 31939 (FEDERAL MOTOR FINANCE CO., Intervenor).

No. 946.

District Court, S. D. Iowa, Central Division.

Feb. 6, 1936.

L. Call Dickinson (of Brammer, Brody, Charlton & Parker), of Des Moines, Iowa, for intervener.

E. G. Moon, U. S. Atty., of Des Moines, Iowa, and C. I. Level, Asst. U. S. Atty., of Denison, Iowa, for the United States.

DEWEY, District Judge.

On December 30, 1935, an order of judgment and decree of forfeiture in the above-entitled suit was entered against the libelee and said automobile coupé forfeited to the United States of America, in accordance with the provisions of section 1181, tit. 26, U. S. Code (see 26 U.S.C.A. § 1441).

On December 3, 1935, the Federal Motor Finance Company filed a petition of intervention praying that said automobile be relieved from forfeiture under the provisions of the Act of Congress approved August 27, 1935, § 204, section 40a, tit. 27, U. S. Code (27 U.S.C.A. § 40a).

The petition of intervention came on for hearing in open court at Des Moines, Iowa, on the 10th day of January, 1936, and evidence was introduced by oral testimony and by certain concessions as to facts made by the parties.

The evidence establishes that one Harold Tayson on or about January 18, 1935, desired to purchase a Studebaker Commander coupé. Tayson at that time had quite a reputation as a bootlegger; having been arrested on several occasions by the state authorities of Iowa, and was convicted in the federal court on April 28, 1933, of violations of section 3, tit. 1 of the National Prohibition Act, 43 Stat. 306. Realizing that he could not buy such a car on credit, he procured a Mr. Roy H. Canfield, a barber residing in Des Moines, as his agent to purchase the car for him. Tayson had contacted with a motor salesman for the Harter Motors, Inc., of Des Moines, Iowa, and they prepared the application for the purchase of the car, and Roy H. Canfield signed the application. Mr. Canfield at that time already owned a Studebaker car under a conditional sales contract, and was paying for it through a finance company in Des Moines. The Harter Motors, Inc., accepted the application of Roy H. Canfield and delivered him the car designated in the caption hereof, taking his note for the balance, or $1,121.50. This note with the sales contract was sold to the intervener herein, Federal Motor Finance. Roy H. Canfield never exercised any ownership over the car, but delivered it at once to Tayson, who procured the state license and either directly or through Roy H. Canfield had paid all the instalments due on the deferred payments to the intervener.

In keeping with Equity Rule No. 70½ (28 U.S.C.A. following section 723) of the Supreme Court of the United States, the court finds the following facts:

(1) That the car described in the caption hereof was purchased by Harold Tayson on or about January 18, 1935.

(2) That it was purchased from the Harter Motors, Inc., of Des Moines, Iowa, for a consideration of $1,250.50, with a down payment in cash and the balance of $1,121.50 by the execution and delivery of a note and a conditional sales contract. This note and conditional sales contract were sold to the intervener herein, Federal Motor Finance, which is still the owner and holder thereof.

(3) That said automobile was purchased by Harold Tayson through his agent, Roy H. Canfield, who signed the application for the purchase of the car, and signed the sales contract.

620

(4) That at the time of the sale of the car to Harold Tayson, the Harter Motors, Inc., believed that the sale was made to Roy H. Canfield, as his principal was undisclosed in the transaction.

(5) At or about the time of the sale of the automobile the note and sales contract were sold to this intervener, duly recorded, and that at the time of the purchase of said note and sales contract by intervener, it had no knowledge that Roy H. Canfield in signing the same was acting as agent for Tayson.

(6) The agent, Roy H. Canfield, never exercised any ownership over the car, and payments were made by Tayson, as provided by the terms of the sales contract and note. The license was taken out by, and the entire control of the car at all times was in, Harold Tayson.

(7) That at the time the car was purchased by Tayson, he had a record and reputation for violating laws of the United States and of the state of Iowa relating to liquor.

And the court finds as conclusions of law:

(1) That the intervener has an interest in the motor vehicle forfeited which it acquired in good faith.

(2) That the intervener had at no time any knowledge or reason to believe that the said automobile was being or would be used in the violation of the laws of the United States or of any state relating to intoxicating liquor.

(3) That the interest asserted by the intervener arises out of and is subject to a contract or agreement with one Tayson who at that time had had a record and reputation for violating the laws of the United States and of the state of Iowa relating to liquor.

(4) That the petition of intervention seeking recovery of the automobile or its value in this suit is based upon section 40a, c. 2, tit. 27, U.S.Code (27 U.S.C.A. § 40a).

(5) That the court cannot allow the claim of the intervener, as it has failed to show the conditions precedent to remission or mitigation of a decree of forfeiture under the provisions of the Act of August 27, 1935, § 204, being section 40a, tit. 27, U.S. Code (27 U.S.C.A. § 40a).

The clerk will therefore enter the following order:

The above-entitled cause having come on for hearing in open court at Des Moines, Iowa, on the 10th day of January, 1936, upon a petition of intervention by the Federal Motor Finance, intervener, said petition is denied, and the intervener excepts.