## UNITED STATES v. ONE TERRAPLANE SEDAN.

### No. 3388.

District Court, E. D. New York.

March 15, 1938.

Harold St. L. O'Dougherty, U. S. Atty., of Brooklyn, N. Y. (J. Wolfe Chassen, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Joseph G. Myerson, of New York City, for claimant C. I. T. Corporation.

MOSCOWITZ, District Judge.

United States of America, as libellant, has filed a libel seeking the forfeiture of One Terraplane Sedan, Motor No. 228708, License No. 2 G—435, N.Y., which was seized on July 2, 1937, by Investigators of the Alcohol Tax Unit, Bureau of Internal Revenue, in Freeport, Long Island.

C. I. T. Corporation has filed its claim, answer and stipulation for costs consenting to the entry of a decree of forfeiture, but praying for remission or mitigation of the forfeiture under 27 U.S.C.A. § 40a, it appearing that the C. I. T. Corporation has an interest in the automobile under a conditional sale contract.

On September 25, 1936, Samuel Stein, who was engaged in business in Freeport, Long Island, purchased the automobile from Strassle Bros., an automobile dealer located in Freeport. The C. I. T. Corporation was requested to purchase the contract for the sale of the automobile. Before do-

ing so it made a thorough investigation to ascertain Stein's standing in the community. Inquiry was made at the bank in which Stein had an account, and also of two reputable persons residing in Freeport. Nothing was disclosed in said investigation in any way reflecting upon Stein or indicating that he was engaged in the sale of liquor, or any other unlawful or illicit enterprise.

The C. I. T. Corporation is engaged in the business of purchasing contracts on automobiles and has conducted many investigations, and the investigation concerning Stein was conducted by it in its customary and usual manner.

■ 27 U.S.C.A. § 40a provides as follows:

"(a) Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquors, such forfeiture is decreed, the court shall have exclusive jurisdiction to remit or mitigate the forfeiture.

"(b) In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation.

"(c) Upon the request of any claimant whose claim for remission or mitigation is allowed and whose interest is first in the order of priority among such claims allowed in such proceeding and is of an amount in excess of, or equal to, the appraised value of such vehicle or aircraft, the court shall order its return to him; and, upon the joint request of any two or more claimants whose claims are allowed and whose interests are not subject to any prior or intervening interests claimed and allowed in such proceedings, and are of a total amount in excess of, or equal to, the appraised value of such vehicle or aircraft, the court shall order its return to such of the joint requesting claimants as is designated in such request. Such return shall be made only upon payment of all expenses incident to the seizure and forfeiture incurred by the United States. In all other cases the court shall order disposition of such vehicle or aircraft as provided in sections 304f to 304m of Title 40, and if such disposition be by public sale, payment from the proceeds thereof, after satisfaction of all such expenses, of any such claim in its order of priority among the claims allowed in such proceedings.

"(d) In any proceeding in court for the forfeiture under the internal-revenue laws of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquor, the court shall order delivery thereof to any claimant who shall establish his right to the immediate possession thereof, and shall execute, with one or more sureties approved by the court, and deliver to the court, a bond to the United States for the payment of a sum equal to the appraised value of such vehicle or aircraft. Such bond shall be conditioned to return such vehicle or aircraft at the time of the trial and to pay the difference between the appraised value of such vehicle or aircraft as of the time it shall have been so released on bond and the appraised value thereof as of the time of trial; and conditioned further that, if the vehicle or aircraft be not returned at the time of trial, the bond shall stand in lieu of, and be forfeited in the same manner as, such vehicle or aircraft. Notwithstanding the provisions of this subsection or any other provisions of law relating to the delivery of possession on bond of vehicles or aircraft sought to be forfeited under the internal-

revenue laws, the court may, in its discretion and upon good cause shown by the United States, refuse to order such delivery of possession."

Under this section the Court is permitted to remit or mitigate the forfeiture of any vehicle seized for a violation of the internal-revenue laws relating to liquors in the event that the claimant proves, (1) that he has an interest, as owner or otherwise, in the vehicle which he acquired in good faith (the good faith of the claimant is not questioned by the libellant), and (2) that he at no time had any knowledge or reason to believe that the vehicle would be used in the violation of the laws of the United States or of any State relating to liquor.

In this case there is no evidence that Stein had acquired a reputation as a law violator. The most that can be claimed concerning Stein is, that he was under observation on suspicion of selling liquor illegally and that on one occasion he was arrested. There was no evidence that he was convicted. Had he been convicted, no doubt, the libellant would have submitted evidence thereon.

The following cases have been submitted by the attorneys for the parties as applicable to the case at bar: C. I. T. Corporation v. United States, 4 Cir., 86 F.2d 311; United States v. One 1936 Model Lafayette Coupe Automobile, etc, D.C., 14 F.Supp. 1003; United States v. One 1933 Ford V-8 Coach, D.C., 14 F.Supp. 243; United States v. One Ford V-8 Truck et al., D.C., 17 F.Supp. 439; United States v. One ,1935 Dodge Rack-Body Truck, etc., 2 Cir., 88 F.2d 613; United States v. One 1935 Ford Standard C. Automobile, D.C., 13 F.Supp. 104; United States v. One Studebaker Commander 8 Coupe, D.C., 13 F.Supp. 619; United States v. One 1935 Chevrolet Coupe, D.C., 13 F.Supp. 986; United States v. 1935 Ford Coupe Engine No. 18–1654854, D.C., 17 F.Supp. 331; United States v. One Chrysler Sedan, D.C., · 18 F.Supp. 684; United States v. One Chevrolet Sedan, D.C., 18 Fed.Supp. 799; Federal Motor Finance v. United States, 8 Cir., 88 F.2d 90, and C. I. T. Corporation v. United States, 4 Cir., 89 F.2d 977; Shelliday v. United States, 4 Cir., 25 F.2d 372; Byroad v. United States, 59 App.D.C. 105, 35 F.2d 875; United States v. One Nash Coach, D.C., 39 F.2d 245, and United States v. C. I. T. Corporation, 2 Cir., 93 F.2d 469.

There are hundreds of thousands of automobiles sold on the installment plan in the United States. Claimant in its brief states, and I have no reason to doubt it, that in the year 1934 there were 2,371,693 automobiles sold in the United States on the installment plan. If inquiries were made in each of these instances of the law enforcement agencies, such as the Alcohol Tax Unit, their time would be taken up by answering inquiries rather than in the enforcement of the law. Certainly, no such unreasonable interpretation should be given to 27 U.S.C.A. § 40a. Had the Government been able to establish the conviction of Stein for a violation of the liquor law then the burden would have shifted to the claimant to prove that it had complied with the Statute in order to obtain relief. U. S. v. One 1936 Model Lafayette Coupe Automobile, supra. What Judge Learned Hand said in U. S. v. C. I. T. Corporation, 2 Cir., 93 F.2d 469, at page 470, in construing section 40a is applicable here:

"Section 40a (a) gives the district court jurisdiction to 'remit or mitigate the forfeiture'; section 40a (b) conditions this power upon the claimant's proving (1) that he has acquired an interest in the car in good faith, (2) that he had no knowledge or reason to believe that it would be used to violate the liquor laws, and (3) in case the claimant's interest arises out of a contract made with a person 'having a record or reputation for violating laws of the United States or of any State relating to liquor' that the claimant must inquire of certain specified local or federal authorities as to such a possible 'record' or 'reputation,' and be informed that he has neither.

"It is clear that the claimant has the burden of proof as to the first two conditions; he must show that he acquired his interest in good faith and that he had no reason to believe that the car would be used in violating the law. The claimant undoubtedly fulfilled these unless we are to question the truth of its affidavit; we do not understand that the libellant means to raise that question. The third condition is itself subject to a condition, for the duty of inquiry is not imposed upon the seller unless the buyer has in fact 'a record or reputation' as a violator of the liquor laws. We do not decide whether the claimant has the burden of disproving this condition, for the libellant concedes that it has not; that has, indeed, been twice held in district courts. United States v. One 1936 Model Lafayette Coupe Automobile, D.C., 14 F. Supp. 1003, 1005; United States v. One

1935 Chevrolet Coupe, D.C., 13 F.Supp. 986. So much granted, the case falls, for the libellant made no effort to show that either Goldberg or Margolis had in fact any 'record' or a 'reputation' as a violator of the liquor laws. The notion seems to be that because the officials had been investigating Goldberg for a year, that gave him a reputation as a violator of the liquor laws. That is an error. The statute is drawn so as to impose upon the seller the duty of inquiry only when there exists something which is likely to reach his ears, a public record or a general reputation. No doubt he always takes the chance in any sale that there may be one or both of these; but his duty does not arise if there is not. Even then he will escape if the officials do not confirm it upon inquiry. Here there was no record; the libellant does not allege that the pending investigation was such. Nor was there any reputation. Some of the officials—how many we do not know— had for long suspected Goldberg of breaking the liquor law, but that did not give him the reputation of doing so. Such inquiries are kept secret lest they come to the knowledge of the suspect and he become wary. The statute means not that, but reputation in the usual sense, a prevalent or common belief, a general name, the opinion of a number of perons, a more or less extended and public attribution of the crime, likely to be spread about so as to reach the seller. The knowledge of those charged with the duty of prosecuting Goldberg was not likely to do so."

A lender of money on automobiles, such as the claimant, is not required to guarantee to the Government that the automobile will never be used for the sale or transportation of liquor. All that is required is that a reasonable effort be made to ascertain the reputation and standing of the owner of the vehicle. It would be unreasonable to require the lender of money on automobiles to make inquiry of every Federal, State, County and Municipal authority to ascertain the purchaser's record as a law abiding citizen.

Suffice to say that in this case wherein it appears that the purchaser of the automobile had never been convicted for a violation of the liquor laws and had no reputation as a violator of any liquor law or any other law, an investigation such as was made here by inquiring at the bank in which Stein had an account and of two reputable persons is sufficient.

The claimant C. I. T. Corporation is therefore entitled to a remission or mitigation of the forfeiture.

Settle findings and decree on notice.