UNITED STATES v. ONE 1936 MODEL LA-
FAYETTE COUPE AUTOMOBILE, MOTOR
NO. LE–30499, SERIAL NO. L–30999.
No. 482.

District Court, W. D. Kentucky, at Paducah.
May 25, 1936.

Bunk Gardner, U. S. Atty., and Oldham Clarke and Eli H. Brown, III, Asst. U.S. Attys., all of Louisville, Ky., for libelant.

E. Palmer James, of Paducah, Ky., for claimant, C. I. T. Corporation.

HAMILTON, District Judge.

This action is a libel by the United States against one LaFayette Coupé automobile, Motor No. LE–30499, Kentucky license No. 557–027.

On November 27, 1935, John Bolen of Paducah, McCracken county, Ky., purchased from the Paducah Motors Corporation the above described automobile under a conditional sales contract and executed and delivered to the seller his note for $331.92 pursuant to the contract, payable in twelve equal monthly installments of $27.66 each. To secure the payment of the note, a lien was retained on the car. On November 28, 1935, the Paducah Motors Corporation sold the note to the C. I. T. Corporation for a valuable consideration, and assigned to it the conditional sales contract which Bolen had executed.

Before the note and contract were purchased, the C. I. T. Corporation made inquiry of the Peoples National Bank, Paducah, Ky., the Union Credit Store, and the Rhodes-Burford Company as to the character and reputation of Bolen and his ability to pay his debts. All three concerns reported his character, reputation, and financial responsibility as good. The C. I. T. Corporation purchased the notes and conditional sales contract in good faith in the usual course of business, and had no suspicion, information, knowledge, or rea-

son to believe that Bolen would use the automobile in violating the internal revenue laws or any other laws of the United States.

On January 3, 1936, the C. I. T. Corporation was the owner and holder of conditional sales contract covering the automobile sought to be forfeited herein, and had a valid and subsisting lien thereon of $304.92.

John Bolen, some time before November 27, 1935, had the reputation of being a bootlegger. He was convicted in this court on April 16, 1927, of a violation of the National Prohibition Act (27 U.S.C.A. § 1 et seq.) and served a sentence in jail; and was again convicted in 1935 in the circuit court of McCracken county for a violation of the liquor laws of the commonwealth of Kentucky.

On January 3, 1936, agents of the Alcohol Tax Unit followed Bolen, who was in the car here in controversy, on one of the highways leading into Paducah to a place on Broad Alley in that city, and when the car stopped in front of the dwelling of a negro who also had the reputation of being a bootlegger, the agent searched the car and found therein two gallons of moonshine or untaxpaid liquor. Empty jugs were found in the rear and on the sides of the house where the car stopped, but the house was not searched. The agents poured out the liquor, destroyed the containers, and took possession of the car. As a result of this seizure, this action was instituted. The C. I. T. Corporation has filed a claimant's petition of intervention herein and prays that its lien on the car sought to be forfeited be satisfied before forfeiture is decreed, or that its lien be satisfied out of the proceeds of the sale of the car, or that the car be delivered to it.

It is alleged by the claimant, and not denied by the United States, that the fair market value of the car does not exceed the subsisting lien thereon.

It is conceded that the interest of John Bolen in the car is forfeitable.

■ It has long been the law, and so far as I know there is no decision to the contrary, that vehicles used in the concealment or removal of nontaxpaid liquor are forfeitable to the United States if legally in the possession of the user, notwithstanding the owner or mortgagee had not consented to such use and had no knowledge thereof. Van Oster v. State of Kansas, 272 U.S. 465, 47 S.Ct. 133, 71 L.Ed. 354, 47 A.L.R. 1044; Dobbins' Distillery v. United States, 96 U.S. 395, 24 L.Ed. 637; Goldsmith, Jr-Grant Company v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376; United States v. One Ford Coupé Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025.

■ The Congress in the Liquor Law Repeal and Enforcement Act, approved August 27, 1935 (49 Stat. 872), modified the hardship imposed on innocent owners and mortgagees under Revised Statutes § 3450, 26 U.S.C.A. c. 20, § 1441, by authorizing the court to allow a claim for remission or mitigation of the forfeiture on compliance with the provisions of the act. However, by the express language of the act in paragraph (b), section 204, 27 U.S.C.A. § 40a (b), the court is not permitted to allow a claim for remission or mitigation of forfeiture unless the claimant establishes by a preponderance of evidence the following:

(1) That he has an interest in the vehicle acquired in good faith.

(2) That he had at no time reason to believe that the vehicle was or would be used in violation of the law by removing therewith or concealing therein articles on which a tax was due to the United States with intent to defraud.

(3) That if it appeared that the interest asserted by the claimant was acquired through a person having a record or reputation for violating the laws of the United States or of any state, relating to liquor, forfeiture would be decreed and not remitted or mitigated unless the claimant showed by a preponderance of evidence that before he acquired such interest from such person, the claimant or his agent had made inquiry at the headquarters of the sheriff, chief of police, principal federal internal revenue officer engaged in the enforcement of the liquor laws, or other principal local or federal law enforcement officer, of the locality in which such claimant acquired his right in the vehicle, or the locality in which the person from whom the claimant acquired his interest resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such person, and that such inquiry from such officers showed there was no record or reputation for a violation of either federal or state liquor laws.

The . facts in this case show that the claimant herein falls within subdivisions (1) and (2) stated above, but there is no compliance whatever with subdivision (3).

The claimant contends that subdivision (3) above referred to is void and conflicts with the Fourth Amendment, because to comply with it would require finance companies and others holding conditional sales contracts covering cars to make unnecessary and impertinent inquiries as to criminal records of persons of good reputation and integrity. Reliance for this position is based on the decision of the court in the case of United States v. One 1935 Ford Standard Coach (D.C.) 13 F.Supp. 104, and while I have the highest respect and regard for the opinions of Judge Martin, I regret I am compelled to disagree with his conclusion.

Before relief was afforded to innocent owners and mortgagees from the forfeiture of cars by the Act of the Congress here referred to, the Fourth Amendment gave them no protection, and the relief now conferred by Congressional enactment is purely statutory. This being so, a strict compliance therewith is necessary before a mortgagee or innocent owner may have relief. M. & M. Securities Company v. Harney (C.C.A.) 59 F.(2d) 574; Richbourg Motor Company v. United States, 281 U.S. 528, 50 S.Ct. 385, 74 L.Ed. 1016, 73 A.L.R. 1081; Commercial Credit Company v. United States, 276 U.S. 226, 48 S.Ct. 232, 72 L.Ed. 541; Port Gardner Investment Company v. United States, 272 U.S. 564, 47 S.Ct. 165, 71 L.Ed. 412.

The courts are not concerned with the policy of the Congress in the enactment of laws. It may be that some less disagreeable method could have been devised by the Congress to protect innocent property owners in forfeiture proceedings, but to say the least of it, the claimant would have no standing in court whatever were it not for the enactment of the act it now attacks. The protection of the revenues of the government is vital to its existence, and Congress may well be vigilant before enlarging opportunities for defrauding the United States.

Companies and individuals extending credit in the sales of automobiles do make investigations of the credit standing of prospective borrowers, and probably the so-called impertinence of making inquiry from public officials is magnified by claimant.

The burden rests on the United States to first show that the claimant's debtor has a record established by a court of competent jurisdiction for violating the liquor laws or a reputation for so doing. When this is done, the burden shifts to the claimant to show he has complied with the statute if he is to obtain relief. The debtor of the claimant in this case had been convicted in both the state and federal courts as a violator of the liquor laws before it extended credit to him. It, therefore, follows that claimant's intervening petition should be dismissed and forfeiture decreed.