UNITED STATES v. ONE CHEVROLET SEDAN.

No. 146.

District Court, E. D. Pennsylvania.

March 31, 1937.

Charles D. McAvoy, U. S. Atty., and Robert H. Grim, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff.

Hugh D. Scott, Jr., of Philadelphia, Pa., for petitioner.

MARIS, District Judge.

This is a petition under section 204 of the Liquor Law Repeal and Enforcement Act (27 U.S.C. § 40a [27 U.S.C.A. § 40a]) by General Motors Acceptance Corporation for the remission or mitigation of the forfeiture of a Chevrolet sedan lately possessed by Anthony Piliero, alias James Powers. The vehicle was seized on August 13, 1936, by agents of the Federal Alcohol Tax Unit while being used by Anthony Piliero, alias James Powers, for the purpose of removing, depositing, or concealing certain distilled spirits, to wit, one five-gallon keg of whisky, on which the taxes imposed by law had not been paid, with intent to defraud the United States of said taxes. Thereafter the United States filed a libel for the forfeiture of the said automobile under section 3450, R.S. (26 U.S.C. § 1441 [26 U.S.C.A. § 1441]), upon which a decree of forfeiture was entered by this court on February 4, 1937. On the same day General Motors Acceptance Corporation filed the petition now before the court for the remission or mitigation of said forfeiture.

From the petition and evidence, we find that the petitioner on August 20, 1935, purchased from Central City Chevrolet Company, Philadelphia, that company's interest as lessor in a lease bearing the same date to one James Powers covering the Chevrolet sedan here involved. The lessee of the car was a resident of Philadelphia of Italian descent named Anthony Piliero who had adopted the name James Powers as the Anglicized form of his name. Prior to the date of the lease, he had a record and reputation for violating the liquor laws.

Petitioner acquired the lessor's interest in said automobile in good faith and had at the time no knowledge or reason to believe that it was being or would be used in violation of the liquor laws. At the time it acquired the lease, petitioner made a credit investigation of James Powers and also secured a confidential report on him from Dun & Bradstreet, Inc., a credit reporting agency. These investigations, however, failed to reveal the criminal record of the lessee and petitioner in fact made no inquiry as to the lessee's record at the headquarters of any of the local or federal law enforcement officers in Philadelphia.

Petitioner strongly urges that since it had no reason to believe that the automobile would be used in violation of the liquor laws it was under no duty to make such inquiry of the public authorities. We cannot assent to this proposition, however. Clause (3) of paragraph (b) of section 204 of the statute, 27 U.S.C.A. § 40a (b) (3), requires the claimant to show in support of its petition "if it appears that the interest asserted by the claimant arises out of * * * any contract or agreement under which any person having a record or reputation for violating laws * * * relating to liquor has a right with respect to such vehicle * * * that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the

headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

Under this act, it is clear that this court has no power to remit the forfeiture of an automobile in favor of an innocent assignee of the lessor, such as the petitioner in this case, where it appears that the lessee had a record for liquor law violation at the time the lease was executed, unless the petitioner affirmatively shows that at the time it acquired its interest it made inquiry of the law enforcement officers referred to in the act and received information from them that the lessee had no such criminal record or reputation.

There is no question as to the right of the United States to forfeit a vehicle engaged in removing, depositing, or concealing liquor on which taxes have not been paid. This right of forfeiture is clear even as against lessors, mortgagees, and conditional vendors having no knowledge of such use. Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 41 S. Ct. 189, 65 L.Ed. 376. This being so, it follows that an innocent lessor, mortgagee, or conditional vendor desiring the return of a forfeited vehicle must comply strictly with the provisions of the act of Congress affording him relief, and the Fourth Amendment, prohibiting unreasonable seizures, has no application. M. & M. Securities Co. v. Harney (C.C.A.) 59 F. (2d) 574; United States v. One 1936 Model Lafayette Coupe Automobile (D.C.) 14 F.Supp. 1003.

In the present case the United States at the hearing established the fact that the lessee James Powers had a previous record and reputation for violation of the liquor laws. The petitioner admittedly failed to make inquiry of the law enforcement authorities as to his record at the time it purchased the lease. It necessarily follows that this court is without authority to grant its petition for the remission of the forfeiture.

Petition dismissed.