## UNITED STATES v. 1934 FORD SEDAN, MOTOR NO. 756785.

### No. 2933.

District Court, W. D. Missouri, W. D.
Jan. 22, 1938.

Richard K. Phelps, Asst. U. S. Dist. Atty., and Maurice M. Milligan, U. S. Dist. Atty., both of Kansas City, Mo., for plaintiff.

Jenkins & Vance, of Kansas City, Mo., for defendants.

REEVES, District Judge.

This is a proceeding for the remission or mitigation of forfeiture of a motor vehicle which had previously been employed in removing distilled spirits subject to a tax, but upon which the tax had not been paid and the removal whereof was for the purpose of defrauding the United States of such tax.

The forfeiture provisions of the law are sections 1440 and 1441, title 26 U.S.C.A. relating to the subject of internal revenue. However, section 88, title 27 U.S.C.A., relating to the subject of intoxicating liquors, specifically makes the administrative provisions of the internal revenue law applicable to intoxicating liquors.

Prior to August 27, 1935, forfeitures for a violation of the revenue laws were made effective through administrative agencies. On the latter date the President approved an act conferring upon the courts exclusive jurisdiction to remit or mitigate the forfeitures in such cases.

This act outlined a course of procedure and is known as section 40a, title 27 U.S.C.A. Where forfeiture has been effected, the claimant may be, under proper conditions, entitled in a court proceeding

to a remission or mitigation. The conditions enumerated are: (1) That there is an interest in the property affected, acquired in good faith; (2) that the claimant was without knowledge that said property was being used or would be used in violation of the liquor law, whether state or national; and (3) that where the interest arises on a contract affecting said property, it becomes the duty of the claimant, if the person owning or having possession of the property has a record or reputation for violating the liquor laws of the United States or any state, to make certain inquiries concerning such record or reputation. A failure to do this would defeat the right of remission or mitigation.

In the above case it appears that the claimant has a mortgage lien on the motor vehicle forfeited. The automobile was originally sold to one William W. Anderson. Such sale was made on May 27, 1937. A chattel mortgage in the sum of $264, executed by the purchaser, was taken back on the car. After that, the claimant purchased the note secured by said chattel mortgage, and is now the owner. The balance unpaid amounts to $244.

It appeared from the testimony that the said Anderson had been convicted in the federal court of a violation of the liquor law. At the time the automobile was forfeited it was in the possession of two of his sons and was being used for the transportation of intoxicating liquor upon which the tax had not been paid. The said William W. Anderson was aiding and abetting such violation. There was no contention that the inquiries contemplated by subsection (b) of said section 40a were made, but it appears that the claimant relied upon a statement made by the original mortgagee to the effect that he had no knowledge of liquor law violations on the part of the said William W. Anderson.

1. There has been some disagreement among the courts in the interpretation of the law relating to the subject of inquiries by the person acquiring a mortgage or other interest in an agreement with the automobile owner.

■ It is held without exception, however, that where the claimant is a good-faith owner of the interest and where he has no knowledge or reason to believe that the automobile is being or will be improperly used, and where he is not put upon his inquiry by bad reputation or a

record against the one in possession of the car, then it is not necessary for such person to make the inquiries contemplated by paragraph (3) of said subsection (b) of section 40a. Otherwise, he cannot ask for remission or mitigation.

■ 2. In this case it appeared that the said Anderson had been convicted of violating the liquor laws, and, while the evidence showed that he had a reputation as a liquor law violator, it did not appear that the claimant had knowledge of that fact.

In the case of Universal Credit Company v. United States, 91 F.2d 388, loc. cit. 390, 391, Judge Allen of the 6th Circuit Court of Appeals held substantially that a record of conviction was constructive knowledge of an intended improper use. She used this language:

"The evident meaning of the statute is that such an investigation is required in cases * * * where the record of the purchaser as a violator of the liquor laws constitutes constructive notice."

Undoubtedly it was the thought and is the law that a record, such as appeared in this case, would be constructive notice to a dealer or other person and thus and thereby put such person upon his inquiry. Judge Allen held that in the case then considered there was no such record, nor did the purchaser have a reputation as a liquor law violator. Accordingly, the right of remission· or mitigation was upheld.

In United States v. One Dodge Truck, 2 Cir., 88 F.2d 613, the court held that, where a purchaser of an automobile had a reputation as a law violator, an inquiry should be made from the proper authorities or some of them, and not only at the point where the purchase was made, but also at the point where the purchaser lived.

In United States v. Cook & Border Motor Co., 89 F.2d 648, the 8th Circuit Court of Appeals held substantially that very slight facts would put a claimant upon inquiry. In that case, a father, who was a bootlegger, caused a purchase of an automobile to be made by his minor son. The son used the father's old car as part payment on the purchase price of the new car. The seller had knowledge of the son's minority, and this, with some other slight facts, it was held, put the seller on inquiry and remission or mitigation was denied.

In C. I. T. Corporation v. United States, 4 Cir., 86 F.2d 311, an automobile was

sold to a purchaser who not only had a good reputation, but who also had no record as a liquor law violator; however, he had an associate who was engaged in violating the liquor laws and the automobile was made accessible to his associate. A question concerning the use of the car was left unanswered, and the court held, in denying remission or mitigation, that the claimant had been put upon its inquiry and that an investigation would have disclosed that the car would probably be used improperly.

3. As heretofore stated, the claimant, as well as the seller of the automobile, while making no investigation whatever concerning the record and reputation of the purchaser as a liquor law violator, yet, his record being constructive notice, required the inquiry contemplated by the statute. A very slight investigation would have disclosed facts sufficient to indicate to the parties that the purchaser would, in all probability, use the automobile in violation of the law.

In view of the above, remission or mitigation of the forfeiture should be denied. It is so ordered.