## UNITED STATES v. ONE STUDEBAKER COACH, ENGINE NO. 147841.

### No. 4124.

District Court, M. D. Pennsylvania.

June 2, 1938.

Frederick V. Follmer, U. S. Atty., and Joseph P. Brennan, Asst. U. S. Atty., both of Scranton, Pa., for the United States.

Louis Shaffer, of Wilkes Barre, Pa., for petitioner.

WATSON, District Judge.

This is a petition for remission or mitigation of the forfeiture of One Studebaker Coach automobile heretofore decreed.

The facts are found to be as follows:

On February 1, 1937, the C. and S. Motor Company of Scranton, Pennsylvania, leased the Studebaker automobile to one John Godek of Dickson City, Pennsylvania, under a bailment lease contract. The C. and S. Motor Company then assigned its interest in the lease to the Petitioner, the Automobile Banking Corporation. Before accepting the assignment of the lease or paying any consideration for it, the manager of Petitioner's Scranton office made telephone calls to certain persons and business places whom John Godek had listed as credit references. There is some confusion in the testimony as to the information received from these persons, but it is clear that none of the information received would create any suspicion that Godek was or had been engaged in bootlegging activities. No inquiry was made at the offices of any state or federal officers engaged in the enforcement of laws relating to liquor. After making the calls referred to, Petitioner's manager decided to accept the assignment of the lease and paid the C. and S. Motor Company the agreed consideration. At the time of the hearing in this case, a balance of $646.85 was due the Petitioner from Godek under the terms of

the bailment lease and payments under the lease were in default.

At the time the lease was entered into, the lessee, John Godek, bore a reputation among agents of the Pennsylvania Liquor Control Board who operated in the vicinity of Scranton and Dickson City and among investigators of the Alcohol Tax Unit of the Bureau of Internal Revenue in this district for violating laws relating to liquor. A witness who had bought a saloon from Godek stated that at the time the lease was entered into Godek was reputed to be in the illicit liquor business.

In June, 1937, the Studebaker Coach here involved was seized by agents of the Alcohol Tax Unit and was found to contain a quantity of distilled spirits upon which no federal tax had been paid, and was subsequently forfeited to the United States.

This petition is under the provisions of the Act of August 27, 1935, 27 U.S.C.A. § 40a. By the provisions of that statute, persons having an interest in vehicles forfeited to the United States for violation of internal revenue laws relating to liquor may have such forfeiture mitigated or remitted if the petitioner shows:

First, that he has an interest acquired in good faith; second, that he was innocent at all times of any knowledge of or participation in the illegal use of the car; and, third, if a person having any right in the car is a person having a record or reputation for violating the liquor laws, then the petitioner must show that before the petitioner acquired his interest or before such person acquired his right, whichever is later, "the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

Assuming the evidence shows compliance with the first two of the above requirements, I will pass on to a consideration of the third. This requirement has

no application unless and until it is shown that a person having a right with respect to the vehicle had a record or reputation for violating laws relating to liquor. In the case at bar, it was not shown that John Godek had a record in this respect, but it was shown that he had a reputation as a bootlegger in the locality where he resided and his right was acquired.

■ Petitioner argues that the statute does not require inquiry at the offices of enforcement officers unless it is shown that the claimant had knowledge or reason to believe the other person having a right in the vehicle had a reputation as a bootlegger. But the clear language of the statute is otherwise. The statute requires inquiry wherever the reputation exists without making any reference to the knowledge of such reputation by the claimant. Careful study of the statute clearly reveals the intention of Congress to limit the right to remission or mitigation to persons who have exhausted every reasonable means of learning the reputation and record of persons to whom they entrust their interest in motor vehicles. Inquiry at the offices designated in the statute would be simple, would consume very little time and would afford absolute protection to persons in the position of the petitioner here. Far from imposing an unreasonable burden, the statute points the way to perfect security from loss due to forfeiture. If a finance company chooses to act without taking advantage of the protection Congress has afforded, it must be deemed to have gambled on the character of the person with whom it dealt and, if it should develop that such person bore a reputation or record as a bootlegger, it should be required to suffer the penalty attached. To determine ability to pay, finance companies inquire of persons who have previously extended credit and should know. Equal wisdom should be used in determining previous reputation with respect to bootlegging and inquiry made from enforcement officers who should know.

■ It is my conclusion that where a person who had a reputation as a bootlegger at the time when petitioner's interest was acquired had a right in the vehicle involved, and petitioner having failed to make inquiry at the headquarters of the enforcement officers designated in the statute, 27 U.S.C.A. § 40a (b), subparagraph ■, the petition for remission or mitigation must be refused. United States v.

One 1935 Dodge Truck, 2 Cir., 88 F.2d 613; United States v. One Chevrolet Sedan, D. C., 18 F.Supp. 799; United States v. One Ford Coupe, E.D.Pa., 24 F.Supp. 74, Opinion filed May 5, 1938.

Now, June 2, 1938, the petition of the Automobile Banking Corporation for remission or mitigation of the forfeiture heretofore decreed is dismissed.