## UNITED STATES v. ONE FORD TRUCK.
### No. 4141.

District Court, M. D. Pennsylvania.
June 8, 1938.

Fredrick V. Follmer, U. S. Atty., and Joseph P. Brennan, Asst. U. S. Atty., both of Scranton, Pa.

Reynolds & Reynolds, of Wilkes Barre, Pa., for petitioner.

WATSON, District Judge.

This case came on for hearing upon the petition of the Associates Discount Corporation for leave to intervene as a party claimant. After hearing the petitioner's testimony, the Court permitted the petitioner to intervene. Thereupon, petitioner filed a petition for remission or mitigation of the forfeiture of the Ford Truck which was the subject of this libel proceeding, and it was agreed that the evidence on the petition to intervene should be considered as the evidence on the petition for remission or mitigation. When the testimony was all in, the Government moved to dismiss the petition to intervene and the petition for mitigation. The Court reserved its ruling, and this motion is now before the Court for disposition.

On September 10, 1937, the Dougherty Motor Company (hereinafter called "the dealer") leased the Ford Truck to one Christie Morris under a bailment lease contract. The contract was drawn on a form furnished to the dealer by the Universal Credit Company, and by the terms of the lease at the time it was executed the lessee agreed to make rental payments to the Universal Credit Company. After the lease was executed the Dougherty Motor Company executed an assignment of its rights under the lease and of the automobile described in the lease on a form appearing on the reverse side of the instrument or lease. At the time of the execution of the assignment the Universal Credit Company was named in the assignment as the assignee. After execution of this assignment the instrument was delivered to the Associates Discount Corporation, petitioner herein. After making telephone calls to references given by the lessee and to the Wilkes Barre Credit Bureau, and satisfying itself as to the lessee's character as a credit risk, the petitioner paid the dealer $508.00 and took possession of the lease and assignment. Thereafter, some one in the petitioner's office, whose identity was not disclosed, changed the lease by striking out the name of the Universal Credit Company as payee of the rental and inserted the name of the petitioner and changed the written assignment on the back of the lease in the same way. Thereafter, a Certificate of Title was issued by the Pennsylvania Department of Revenue to the lessee showing that the automobile was subject to an encumbrance in favor of the petitioner.

The first question to be decided is, whether or not petitioner's petition to intervene should be dismissed. The answer depends upon whether the petitioner acquired an interest in the automobile involved through the transactions above recited.

It is clear that no interest was acquired by the petitioner by the execution of the lease. By the terms of the lease when executed, the lessee agreed to make payments of rental to the Universal Credit Company. From all that appears it was never intended that any one else should be substituted as payee. By delivering the automobile to the lessee, the dealer gave

valuable consideration for the promise to pay and a valid binding contract to pay the Universal Credit Company arose. No act of the lessor thereafter could alter this agreement without the consent of the Universal Credit Company, and certainly the alteration of the lease by the petitioner, a stranger to the case, could not affect the agreement. It follows that no interest arose in petitioner under the terms of the lease or by its alteration.

■■ Any interest which petitioner may have in the automobile must arise out of the assignment to it of the interest of the dealer. After the execution of the lease, the dealer retained title to the automobile and by the terms of the lease had the right to repossess the automobile upon default in rental payments or upon illegal use of the automobile by the lessee. These rights of the dealer were of value and were the proper subject of assignment. The rights of the lessee or of the Universal Credit Company could not be affected by such assignment and their knowledge or consent would not be required. The question then is, whether a valid assignment of these rights was made to the petitioner.

■ The entire record clearly discloses the dealer's intention to make an assignment of its rights to the petitioner. The dealer delivered the lease to the petitioner and accepted its check in the sum of $508.00. The evidence discloses that it was customary for the dealer and the petitioner to finance transactions such as the one involved here, using the forms of the Universal Credit Company. Although the printed assignment on the reverse side of the lease at the time of its execution contained the name of the Universal Credit Company, it is quite obvious that it was intended for the petitioner herein. The delivery of the instrument to the petitioner and the acceptance of the money by the dealer cannot otherwise be explained. The president of the dealer who handled the transaction testified at the trial and from his testimony it is clear that his intention was to assign the dealer's rights in the automobile to the petitioner. It cannot be held that an assignment was made to the Universal Credit Company. Delivery was not made to it and no consideration was ever paid by it or on its behalf. From all the facts and the surrounding circumstances I have reached the conclusion that the dealer impliedly authorized the petitioner to alter the printed evidence of the assignment by inserting its name in place of that of the Universal Credit Company, and that a valid assignment of the dealer's rights to the petitioner was effected.

■ The Government argues that because the instrument was altered after the transaction was consummated, it was not admissible in evidence. This principle, however, applies only to alterations not authorized. Colonial Trust Company v. Getz, 28 Pa.Super. 619. At the trial the Court reserved ruling on the admissibility of the lease and assignment. It should have been admitted. Ruling was also reserved on the admissibility of the Certificate of Title referred to above. After examination of the authorities I have come to the conclusion that the Certificate was admissible to show compliance with the Pennsylvania Vehicle Code, 75 P.S.Pa. § 1 et seq., and notice of petitioner's interest in the automobile. Braham & Co. v. Surrell, 115 Pa.Super. 365, 176 A. 64; In re Fell, D.C., 16 F.Supp. 987.

It is my conclusion that the petitioner has an interest in the automobile involved in this proceeding, and that it was properly permitted to intervene.

The remaining question is, Should remission or mitigation of the forfeiture be granted?

■ There being no evidence in this case that a person having an interest in the automobile had a record or reputation for violation of laws relating to liquor, the petitioner need only show that its interest was acquired in good faith and that it was at all times innocent of any knowledge of or participation in the use of the automobile in violation of liquor laws. Act Aug. 27, 1935, § 204, 27 U.S.C.A. § 40a. It has already been found that the petitioner has an interest in the vehicle for which it paid value. There being no evidence to the contrary, the only possible conclusion is that this interest was acquired in good faith.

■ That the petitioner did not participate in the illegal use of the automobile is obvious, and there is nothing in the record from which it could be found that petitioner had any knowledge or reason to believe the automobile would be used in violation of the liquor laws. From its investigation the petitioner learned that the lessee was in the trucking business, bore a good reputation, and paid his bills satisfactorily. There being no suspicious cir-

cumstances surrounding the transaction and no evidence that the lessee bore any reputation for violating liquor laws, the petitioner's investigation was adequate. C. I. T. Corporation v. U. S., 4 Cir., 86 F.2d 311.

I conclude that the petitioner has an interest in the automobile which it acquired in good faith; that, prior to the seizure of the automobile, the petitioner had no knowledge, or reason to believe it would be used in violation of liquor laws; that it is presently entitled to possession of the automobile; and that its petition for remission or mitigation of the forfeiture heretofore decreed should be granted in accordance with the terms of the Act of 1935, supra.

Now, June 8, 1938, petitioner's exhibits No. 2 and No. 3 are admitted as part of the evidence in these proceedings; the Government's motion to dismiss petitioner's petition to intervene and petition for mitigation is refused; petitioner's petition to intervene is allowed, and remission of the forfeiture of the Ford Truck Automobile, Engine No. BB18—3935820, is granted; and the Marshal is directed to turn said automobile over to the petitioner upon payment to him of all expenses incurred by the United States incident to the seizure and forfeiture.