## PITTSBURGH PARKING GARAGES, Inc., v. UNITED STATES.

### No. 7156.

Circuit Court of Appeals, Third Circuit.

Nov. 28, 1939.

Jerome I. Blatt, of Pittsburgh, Pa., for appellant.

George Mashank, of Pittsburgh, Pa., for appellee.

Before BIDDLE, JONES, and BUFFINGTON, Circuit Judges.

BIDDLE, Circuit Judge.

This appeal involves a construction of the Act of Congress providing for the remission of forfeiture of a vehicle seized for the violation of the internal revenue laws. Section 204(b)[1] provides:

"(b) Conditions precedent to remission or mitigation. In any such proceeding the court. shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to, the character or financial standing of such other person, that such other person had no such record or reputation."

More simply, if it appears that the man who wants to rent it has a reputation for law violation, the owner of the car must enquire from the law enforcing officials.

The Pittsburgh Parking Garages, Inc. leased a Ford Truck to Paul Taormina. The truck was seized by the Alcohol Tax Unit for a law violation. The Pittsburgh Company petitioned to get it back, proved ownership and that it had no knowledge or reason to know that the lessee intended to use the truck in violation of law, and rested. The United States introduced no evidence, claiming that the owner of the car should have gone further and proved inquiry and lack of reputation under (3). The lower court sustained the Government's position, and entered the order dismissing the petition, without opinion.

The petitioner must, expressly, prove (1) and (2); and must prove (3), due inquiry by him, "if it appears that the interest asserted * * * arises out of * * * any contract * * *" with a person having a law violating "record or reputation". But the burden of proving (3) is conditioned on the reputation of the other party to the contract appearing. United States v. C.I.T. Corporation, 2 Cir., 93 F.2d 469. The statute does not require the petitioner to introduce a condition which puts him to further proof, or to disprove the condition. Knowledge of record and reputation is primarily in the enforcement agencies, and they should introduce it if it is desired to raise the question. Then the petitioner must show his compliance with (3). It is not quite accurate to say the burden of proof shifts from the Government to the petitioner, for the reputation might develop under cross-examination, without the introduction of any evidence in opposition to the petition. But the petitioner need not proceed to prove his inquiry until the reputation appears in the case; and if it does not, his case is complete. This interpretation of the statute finds support in the following cases: United States v. One 1936 Model LaFayette ·Coupe Automobile, D.C., 14 F. Supp. 1003; United States v. One Ford Truck, D.C., 23 F.Supp. 605; United States v. One Terraplane Sedan, D.C., 23 F.Supp. 710; United States v. One 1935 Chevrolet Coupe, D.C., 13 F.Supp. 986, 988; United States v. One Studebaker Coach, D.C., 24 F.Supp. 76, 77. There is language in United States v. National Discount Corporation, 7 Cir., 104 F.2d 611, 613, 614; and United States v. One 1933 Ford V-8 Coach, D.C., 14 F.Supp. 243, 245, which seems to require the claimant to prove inquiry at all events, but in each of those cases there was proof of bad reputation. Since the Act was remedial for the purposes of alleviating the hardships suffered by those having interests in confiscated property it should be liberally construed in favor of its objects. United States v. One 1936 Model Ford V-8 De Luxe Coach, 307 U.S. 219, 226, 59 S.Ct. 861, 83 L.Ed. 1249.

---

[1] Aug. 27, 1935, c. 740, Sec. 204, 27 U.S.C.A. § 40a(b).

The United States argues that in any event the district judge was not guilty of an abuse of discretion, and his order should therefore be allowed to stand. But he was not exercising discretion in dismissing the petition but was acting in accordance with what he considered to be required under the act. Had he construed the act as we do his duty would have been, in the absence of other evidence, to remit the forfeiture and return the truck. We hold, however, that in view of the trial judge's ruling, the United States should be given the opportunity to introduce evidence under (3). Accordingly the order of the District Court is reversed, with directions to proceed in conformity with this opinion.