## UNITED STATES v. ONE FORD TUDOR SEDAN, 1941 MODEL, ENGINE NO. 6101220.

### No. 7427.

District Court, W. D. Washington, S. D.

May 9, 1942.

Oliver Malm, Asst. U. S. Atty., of Tacoma, Wash., for libelant.

Smith, Matthews & Wilkerson, of Seattle, Wash., for claimant.

BLACK, District Judge.

This matter is before the Court by virtue of the petition of the Universal Credit Company, a corporation, above-named claimant, for remission of the forfeiture of the above-mentioned automobile under the provisions of 18 U.S.C.A. § 646.

From the evidence presented to the Court at the hearing and the stipulations of the parties in open court, I am satisfied that the claimant is the owner of such automobile, that its interest is in excess of the appraised value of the automobile, that such interest was acquired in good faith, that at no time had the claimant any knowledge or reason to believe that the automobile was being or would be used in violation of the laws of the United States or of any state relating to liquor, and that at the time the claimant acquired the vendor's interest in the contract of conditional sale of such automobile the vendee did not have a record or reputation for violating any laws of the United States or of any state relating to liquor, and that if the original vendor or the claimant or any representative or agent of the claimant or of the original vendor had made any inquiry at the headquarters of any sheriff, chief of police, principal Federal internal revenue officer engaged in the enforcement of the liquor laws, or any local or Federal law-enforcement officers of the localities mentioned in (3) of subsection (b) of said § 646, each of them would have been advised in answer to each and any such inquiry that the vendee had no such record or reputation. I am further satisfied from the evidence and the stipulations in open court of the parties that the vendee up until the time of his arrest, which was the basis of the forfeiture and which was after claimant acquired its interest, had no reputation of violating any such law. There was not a suggestion in the evidence of any such reputation prior to such arrest or any suspicion against the vendee.

It is the position of the government, however, that nevertheless the claimant was required before it acquired the interest to make such inquiry of an officer as mentioned

in subsection (3). The government's position is that the inquiry must be made whether or not there was any such record or reputation of law violation and regardless of whether or not the evidence is conclusive that any such inquiry would have brought the answer from any such officer that there was no such record or reputation.

I cannot agree with such contention. The statute does not support such contention. If the government's position is correct that the law requires inquiry to be made in any event, then the statute would have so said.

The decisions do not support the government's contention. The court's opinion in Pittsburgh Parking Garages, Inc., v. United States, 3 Cir., 108 F.2d 35, 36, is illuminating on this point. Such opinion was written by then Judge Biddle, now United States Attorney General. After quoting the statute such opinion states: "More simply, if it appears that the man who wants to rent it has a reputation for law violation, the owner of the car must enquire from the law enforcing officials." Later in the opinion Judge Biddle said: "The petitioner must, expressly, prove (1) and (2); and must prove (3), due inquiry by him, 'if it appears that the interest asserted * * * arises out of * * * any contract * * *' with a person having a law violating 'record or reputation'. But the burden of proving (3) is conditioned on the reputation of the other party to the contract appearing." The opinion further continues: "But the petitioner need not proceed to prove his inquiry until the reputation appears in the case; and if it does not, his case is complete. This interpretation of the statute finds support in the following cases: United States v. One 1936 Model LaFayette Coupe Automobile, D.C., 14 F.Supp. 1003; United States v. One Ford Truck, D.C., 23 F.Supp. 605; United States v. One Terraplane Sedan, D.C., 23 F.Supp. 710; United States v. One 1935 Chevrolet Coupe, D.C., 13 F.Supp. 986, 988; United States v. One Studebaker Coach, D.C., 24 F.Supp. 76, 77. There is language in United States v. National Discount Corporation, 7 Cir., 104 F.2d 611, 613, 614, [124 A.L.R. 283]; and United States v. One 1933 Ford V-8 Coach, D.C., 14 F. Supp. 243, 245, which seems to require the claimant to prove inquiry at all events, but in each of those cases there was proof of bad reputation. Since the Act was remedial for the purposes of alleviating the hardships suffered by those having interests in confiscated property it should be liberally construed in favor of its objects. United States v. One 1936 Model Ford V-8 DeLuxe Coach, 307 U.S. 219, 226, 59 S.Ct. 861, 83 L. Ed. 1249."

The opinion of United States v. One 1936 Model Ford V-8 DeLuxe Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249, while not involving the identical question before the Court, certainly is not in accord with the government's position in this instant cause and indicates that had the precise question been before that Court it would have agreed with the view of then Judge Biddle.

Also supporting claimant's position are the following cases cited by claimant: United States v. C. I. T. Corporation, 2 Cir., 93 F. 2d 469, opinion by Judge Learned Hand; Universal Credit Co. v. United States, 6 Cir., 91 F.2d 388, opinion by Judge Allen; United States v. One Studebaker Coach, D.C., 24 F. Supp. 76; United States v. 1934 Ford Sedan, D.C., 22 F.Supp. 344; United States v. One Terraplane Sedan, D.C., 23 F.Supp. 710; United States v. One Ford Truck, D.C., 23 F.Supp. 605.

Under the wording of the statute and in the light of the decisions interpreting it, claimant, therefore, is entitled to relief as prayed for.