CITY NAT. BANK & TRUST CO. OF OKLA-
HOMA CITY, OKL., v. UNITED
STATES.

No. 13519.

Circuit Court of Appeals, Eighth Circuit.

Oct. 23, 1947.

Shapard & Wallace, of Oklahoma City, Okl., and Lawrence J. Kean, of Sioux Falls, S. D., for appellant.

Leo P. Flynn, U. S. Atty., of Sioux Falls, S. D. (Matthew A. Brown, Asst. U. S. Atty., of Chamberlain, S. D., on the brief), for appellee.

Before SANBORN, THOMAS and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

In a libel proceeding brought by the United States the intervenor appeals from a judgment denying remission or mitigation of forfeiture of an automobile seized while being used to transport whiskey from Sioux Falls, South Dakota, into the state of Oklahoma, in violation of the laws of that state and of the laws of the United States, 26 U. S.C.A.Int.Rev.Code, §§ 3116 and 3250.

The automobile loaded with whiskey was taken in South Dakota by officers of the state on May 13, 1946. It was then in the possession of and was being operated by one Stallings who admitted that he was transporting the liquor into Oklahoma. What interest Stallings had in the automobile, if any, or how it came into his possession does not appear. On the following day, May 14th, the officers of the state delivered it to agents of the Commissioner of Internal Revenue.

In its petition of intervention the appellant prayed that the forfeiture be remitted and mitigated under the authority of 18 U.S.C.A. § 646. Appellant alleged, and, at the trial proved, that on February 27, 1946, it loaned to one Jack L. Rankin, the then owner of the automobile, the sum of $660, and as security therefor took and recorded a chattel mortgage thereon, of which sum $550 was still unpaid.

Section 646(a) provides that the court shall have exclusive jurisdiction to remit or mitigate forfeitures of vehicles in any proceeding under the internal revenue laws relating to liquors. Subsection (b) provides that the court shall not allow the claim of any claimant for remission or

mitigation unless and until he proves (1) that he has an interest in such vehicle, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any state relating to liquor, "and (3) if it appears" that the claimant's interest arises out of or is subject to a contract made with a person "having a record or reputation for violating laws of the United States or of any State relating to liquor" the claimant must then inquire at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other law enforcement officers, and be informed "that such other person had no such record or reputation."

There is no question here but that the appellant sustained the burden of proof on conditions (1) and (2) of subsection (b). The question presented by the appeal relates exclusively to the construction and application of subsection (b) (3). It is conceded that before taking its chattel mortgage on the automobile appellant made no inquiry at the offices of the local authorities specified in regard to the record or reputation of Jack L. Rankin. Notwithstanding it did not "appear" at any point in the proceeding that Rankin had either a record or a reputation for violating any liquor laws at the time appellant acquired its lien on the automobile, February 27, 1946, the government contends and the court seems to have assumed that the burden rested upon appellant to prove that inquiry was made and a negative answer received.

■ The statute does not support the government's contention on this point. Subsection (b) (3) casts the burden upon the claimant to prove that it made the prescribed inquiry only "(3) if it appears" that the other party to the contract out of which the claimant's interest arises had a "record or reputation for violating" the liquor laws. Absent the condition no inquiry need be proved. At the trial, although the statute did not require it to do so, the appellant introduced the testimony of the law enforcement officers designated in the statute, all of whom testified that Rankin did not on February 27, 1946, have a record or reputation at their offices as a violator of the liquor laws.

Construing this statute in United States v. C. I. T. Corporation, 2 Cir., 93 F.2d 469, 470, Judge Learned Hand, speaking for the court, said: "The third [(b) (3)] condition is itself subject to a condition, for the duty of inquiry is not imposed upon the seller unless the buyer has in fact 'a record or reputation' as a violator of the liquor laws." In that case the claimant was assignee of a conditional sales contract. See, also, Pittsburgh Parking Garages, Inc., v. United States, 3 Cir., 108 F.2d 35, 36; United States v. Ford Truck Motor and Serial No. BB18-3749639, 3 Cir., 115 F.2d 864; C. I. T. Corporation v. United States, 4 Cir., 89 F.2d 977.

To sustain its theory that the claimant must prove that it made inquiry concerning the record and reputation of Larkin, the appellee relies upon United States v. National Discount Corporation, 7 Cir., 104 F.2d 611, and United States v. O'Dea Finance Co., 8 Cir., 111 F.2d 358. While some of the language in these cases seems to support such contention when considered without reference to the facts, a reading of the opinions discloses that in each case it appeared that the owner of the automobile involved had a "record and reputation" as a violator of the liquor laws, and that inquiry at the office of the law enforcement agents would have informed the claimant of that fact.

■ It remains to determine whether the court abused its discretion in denying mitigation. In United States v. One 1936 Model Ford Coach, 307 U.S. 219, 226, 59 S.Ct. 861, 864, 83 L.Ed. 1249, the Supreme Court said: "Manifestly" the statute "is a remedial measure. It empowers the courts, exercising sound discretion, to afford relief to innocent parties having interests in condemned property where the claim is reasonable and just. * * * The section must be liberally construed to carry out the objective. * * * If any claimant has been negligent or in good conscience ought not be relieved, the court should deny his application." In United States v. C. I. T. Corporation, supra, Judge Hand said [2 Cir., 93 F.2d 471]: "* * * though the

power be discretionary, the discretion must be governed by the evidence; it may not be baseless. In the case at bar there were no suspicious circumstances to lead the claimant to refuse to accept the contract; * * *", and the decree denying the claim for remission was reversed, and the forfeiture was remitted.

The decree in the present case appears to be the result either of an error of law or of a mistake of fact. The decree is accordingly reversed and the case remanded with instructions to remit the forfeiture.

Reversed.