**UNITED STATES of America,**
**Libelant,**

v.

**ONE 1955 FORD 4–DOOR, Motor No. A5DG239995, Its Tools and Appurtenances, Respondent.**

**Civ. No. 734.**

United States District Court
E. D. Texas,
Texarkana Division.

Aug. 30, 1960.

548

Paul N. Brown, U. S. Atty., Joe Tunnell, Asst. U. S. Atty., Tyler, Tex., for libelant.

Charles E. Hughes, Texarkana, Tex., for Bowie County State Bank of Hooks, Texas, remission claimant.

SHEEHY, Chief Judge.

The United States instituted this proceeding on June 21, 1960, seeking under the provisions of 26 U.S.C.A. § 7301 a forfeiture of the automobile described in the above caption alleging said automo-

bile was used by one Fred E. Harrison to transport and deposit therein nontax-paid whiskey in violation of the Internal Revenue laws of the United States relating to whiskey. The Bowie County State Bank of Hooks, Texas, hereinafter referred to as the Bank, claiming a chattel mortgage lien on the automobile in question, has filed, pursuant to the provisions of 18 U.S.C.A. § 3617, its claim for remission or mitigation of the forfeiture of said automobile in the event same is forfeited to libelant.

Most of the facts pertaining to the Bank's claim for remission or mitigation are set forth in a stipulation and supplemental stipulation made by and between the Bank and libelant. The facts as reflected by said stipulations and as found from the evidence offered are as hereinafter stated.

On February 11, 1960, officers of the Alcohol and Tobacco Tax Division of the United States Treasury Department's Internal Revenue Service caused the automobile in question, which was owned by Fred E. Harrison and being then operated by him on a public highway in Bowie County, Texas, to stop, and upon said officers looking in said automobile they found therein three one-gallon jugs of whiskey, which jugs did not have affixed thereto stamps evidencing the payment of the tax on said whiskey as required by the Internal Revenue laws of the United States.[1] Said officers thereupon arrested the said Fred E. Harrison and seized the automobile. The automobile since its seizure has remained within this district in custody of the Supervisor in charge of the Alcohol and Tobacco Tax Division, Dallas, Texas, and is now stored at the Main Auto Storage, 324 Main Street, Texarkana, Texas. Notice of the seizure of said automobile was first published in accordance with 26 U.S.C.A. § 7325(2) on February 29, 1960. On April 5, 1960, the Bank timely filed its claim asserting an interest in the automobile and a bond for costs as provided for in 26 U.S.C.A. § 7325(3). Under these facts libelant is entitled to the forfeiture sought. This leaves for determination the question as to whether the Bank is entitled to remission or mitigation of such forfeiture.

On November 3, 1959, in Hooks, Bowie County, Texas, Fred E. Harrison executed and delivered to the Bank a promissory note in the principal sum of $590 payable in twelve monthly installments of $25 each, the first installment being due and payable on December 20, 1959, and a final installment in the amount of $290. On the same date the said Harrison at Hooks, Texas, executed and delivered to the Bank a chattel mortgage covering said automobile to secure the payment of the note. Since the full amount of said note has not been paid, the Bank by virtue of the chattel mortgage has a security interest in said automobile.

Before it acquired the chattel mortgage the Bank made an investigation in Hooks, Texas, where the Bank is located and where Harrison resided, of Harrison as to his reputation for violating the liquor laws of the United States and of any state. Said investigation disclosed that Harrison was of good character and did not disclose that he had a record or reputation for violating the liquor laws of the United States or of any state. The Bank did not make inquiry of any of the law enforcement officers or agencies designated in 18 U.S.C.A. § 3617(b) (3) as to whether Harrison had a record or reputation for violating the liquor laws of the United States or of any state; however, it was stipulated that had the Bank made inquiry of the Bowie County, Texas, Sheriff Department as to the reputation of Fred E. Harrison, it would not have been informed of any violation of the liquor laws by the said Harrison. There is no evidence that Fred E. Harrison ever at any time prior to February 11, 1960, had

[1]. On August 5, 1960, Fred E. Harrison appeared before this Court in Criminal Action No. 1705 and entered a plea of guilty to possessing said three gallons of whiskey in containers which did not have affixed thereto in such manner as to be broken on opening said containers a stamp evidencing payment of the tax imposed on said whiskey in violation of 26 U.S.C.A. § 5205(a) (2).

a reputation for violating the liquor laws of the United States or of any state. The Bank and libelant stipulated that on April 20, 1936, in Criminal Action No. 2609 in the Paris Division of this Court Fred E. Harrison under the name of James S. Harris was convicted of the offense of possessing one gallon of nontax-paid whiskey in violation of the Internal Revenue laws of the United States. The Bank at no time prior to February 11, 1960, knew that Fred E. Harrison had been so convicted. There is nothing in the records of this Court in said Criminal Action No. 2609 that shows or indicates that the James S. Harris named as defendant in that case is one and the same person as Fred E. Harrison, and there is nothing that shows or indicates that any of the law enforcement officers or agencies designated in 18 U.S.C.A. § 3617 (b) (3) knew or had any record that would show or indicate that the said Fred E. Harrison was convicted in said Criminal Action No. 2609 under the name of James S. Harris.

■ I find and conclude that the Bank had and has an interest in the automobile in question, namely, a chattel mortgage lien thereon which it acquired in good faith. I further find and conclude that the Bank at no time had knowledge or reason to believe that said automobile was being or would be used in violation of the laws of the United States or of any state relating to liquor.

■ The power or authority of a court to remit or mitigate a forfeiture, such as the one here involved, is controlled by the provisions of 18 U.S.C.A. § 3617(b). Under the provisions of said statute the court can remit or mitigate such a forfeiture only if certain conditions precedent are met. These conditions precedent are: (1) that the claimant acquired an interest in the automobile in good faith, (2) that the claimant had no knowledge or reason to believe

that it would be used to violate the liquor laws of the United States or of any state, and (3) in case the claimant's interest arises out of a contract made with a person "having a record or reputation for violating laws of the United States or of any State relating to liquor" that the claimant inquired of certain specified local or federal authorities as to such a possible "record" or "reputation," and was informed that such a person has neither. It is clear from the express wording of the statute that the claimant has the burden of proving the first two conditions precedent, i. e., he must show that he acquired his interest in good faith and that he had no reason to believe that the automobile would be used in violation of the liquor laws of the United States or of any state. As indicated by the findings stated in the paragraph next above, the Bank in the instant case has discharged its burden as to the first two conditions. The third condition, i. e., the making of the investigation or inquiry of the specified local or federal authorities as to a possible record or reputation for violating the liquor laws is conditioned upon the person from whom the remission claimant acquired his interest having a record or reputation for violating the laws of the United States or of any state relating to liquor. In the absence of any such record or reputation, there is no duty or obligation to make the inquiry or investigation as to such a record or reputation. The burden of proving the existence of such a record or reputation rests upon the libelant but once it is established that such a record or reputation existed, the burden shifts to the remission claimant to establish that he made the inquiry of one of the local or federal authorities as to such a record or reputation as required by the statute and was informed that there was no such record or reputation.[2] If it is established that the person from whom the re-

2. Pittsbugh Parking Garages, Inc. v. United States, 3 Cir., 108 F.2d 35; United States v. Ford Truck, 3 Cir., 115 F.2d 864; United States v. Federal Credit Co., 5 Cir., 117 F.2d 341; United States v. McArthur, 5 Cir., 117 F.2d 343; City Nat. Bank & Trust Co. of Oklahoma City, Okl. v. United States, 8 Cir., 163 F.2d 820; and Murdock Acceptance Corp. v. United States, 5 Cir., 172 F.2d 552.

**551**

mission claimant acquired its interest had a record or reputation for violating the liquor laws and the remission claimant made no inquiry of any of the law enforcement officers or agencies designated in said Sec. 3617(b) (3) relative to such a record or reputation, the Court is powerless to grant a remission or mitigation of a forfeiture regardless of where such a record or reputation existed.[3]

As used in Sec. 3617(b) (3), the words "record" and "reputation" are words of different meaning.[4] There is no proof whatsoever that Fred E. Harrison had a reputation for violating the liquor laws of either the United States or of any state and libelant neither in the oral argument presented at the trial nor in its brief contends that the said Harrison had such a reputation. Libelant in seeking to defeat the Bank's claim for remission relies solely on the stipulation to the effect that Harrison was convicted of a violation of the liquor laws of the United States in the Paris Division of this Court under the name of James S. Harris, as aforesaid, as establishing that Fred E. Harrison had a record for violating the liquor laws of the United States at the time the Bank acquired its interest in the automobile in question. The basic question for decision is whether said conviction of Fred E. Harrison under the name of James S. Harris constitutes a "record" within the meaning of said Sec. 3617(b) (3). Neither party has cited a case wherein such a question was raised and I have found none. An excellent discussion of the history or purpose of Sec. 3617(b) is found in United States v. One 1936 Model Ford V–8 De Luxe Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249. As indicated by the majority opinion in that case the statute having been enacted as a remedial statute should be construed liberally in favor of relieving from the drastic effects of the forfeiture acts those who act in good faith and without negli-gence. With that in mind I conclude that a record for violating the laws of the United States or of any state relating to liquor within the meaning of said Sec. 3617(b) (3) means a record of a conviction of an offense prohibited by the laws of the United States or of a state relating to liquor that shows on its face that the party from whom the remission claimant acquired his interest was the person convicted of the offense. To me, this is the only reasonable construction that can be given the term "record" as used in the statute. Since the record of conviction in the Paris Division of this Court of a man under the name of James S. Harris, above referred to, does not show that Fred E. Harrison, the person from whom the Bank acquired its interest in the automobile in question, was the person convicted in that case, I find and conclude that at the time the Bank acquired its interest in the automobile in question Fred E. Harrison did not have a record for violating the laws of the United States or of any state relating to liquor within the meaning of 18 U.S.C.A. § 3617(b) (3). From this finding and conclusion it follows that the Bank is entitled to a remission of the forfeiture to be decreed herein in favor of libelant.

The libelant and the Bank have stipulated that the value of the automobile in question is the sum of $650; that there remains an unpaid balance of $540 due the Bank on Harrison's note to the Bank, above referred to; and that the cost of seizure, advertising and storing the automobile since the date of its seizure is $115. Since the aggregate of the amount owed by Harrison to the Bank and the cost of seizure exceed the value of the automobile, libelant should be required to cause the automobile in question to be delivered to the Bank upon the Bank paying all cost of seizure, including the cost of storing said automobile since the date of seizure.

3. United States v. Federal Credit Co., supra; United States v. McArthur, supra; and United States v. One 1955 Model Buick 4-Door Sedan Automobile, 4 Cir., 241 F.2d 90.

4. United States v. One 1950 Lincoln Sedan, 5 Cir., 196 F.2d 639.

Judgment will be entered granting the forfeiture of the automobile in question as prayed for by libelant, granting the Bank's claim for remission of said forfeiture and directing that libelant cause the automobile in question to be delivered to the Bank upon the Bank paying all costs incident to the seizure of the automobile, including the cost of storing said automobile from the date of its seizure.