## UNITED STATES v. ALSPACH.

### No. 1214.

District Court, M. D. Pennsylvania.
Oct. 22, 1935.

A. A. Maguire, Asst. U. S. Atty., of Scranton, Pa.

Alvin W. Carpenter, of Sunbury, Pa., for defendant.

JOHNSON, District Judge.

This is a motion by the defendant to exclude and suppress certain evidence alleged to be illegally obtained and to have the same returned to him.

From the testimony it appears that two agents of the Federal Alcohol Tax Unit had information that the defendant was delivering tax unpaid liquor in Sunbury, Pa. On March 2, 1935, while parked in their automobile on Second street, Sunbury, Pa., the agents saw the defendant come out of a house about a hundred feet away carrying a black oilcloth bag which he placed in the back end of his coupé and closed the lid thereof. The agents testified that from its appearance the bag contained a bottle or a jug and that they could see glass through a worn part of the bag. The defendant got into his car, drove into an alley, and the agents immediately drove in behind the defendant's car. The agents immediately got out of their car; one removed the keys from defendant's car as he was questioning the defendant while the other lifted the lid on the back of the car and saw several jugs, one of which was found to contain about one-half gallon of tax unpaid liquor and the jug in the black bag which was found to contain a gallon of tax unpaid liquor. The defendant was arrested and the liquor and the car were seized without a warrant.

---

[1] No opinion filed.

The question is whether, under the circumstances, the agents had sufficient probable cause to believe that the defendant transported and concealed liquor on which the tax imposed by the law had not been paid, and to arrest the defendant and make the seizure.

The facts in this case, in the most favorable light, do not show probable cause that tax unpaid liquor was being transported or concealed. It must be remembered that, to make arrests, searches, and seizures without warrants since the repeal of the Eighteenth Amendment, there must be probable cause not only of the transportation or possession of liquor, but of liquor on which the tax is unpaid, since it is not unlawful to transport or possess tax paid liquor. The cases decided during the prohibition era, and which are cited by the government, must therefore be viewed in this light.

The contention of the government that under the facts the officers were justified in making the arrest and seizure complained of is not sustained by the law. There is an orderly way to proceed in such cases, which may not be disregarded at will by government officers. Taylor v. United States, 286 U. S. 1, 52 S. Ct. 466, 76 L. Ed. 951; United States v. One Kemper Radio (D. C.) 8 F. Supp. 304.

And now, October 22, 1935, the rule to show cause granted on defendant's motion is made absolute; the evidence obtained by reason of the seizure without a warrant is suppressed, and the defendant's 1933 Plymouth coupé, motor No. 37238, illegally seized, is directed to be returned.