## UNITED STATES v. ONE PLYMOUTH COUPÉ, ENGINE NO. PC 93353.

No. 5867.

District Court, D. Maryland.

March 28, 1936.

Bernard J. Flynn, U. S. Atty., and C. Ross McKenrick, Asst. U. S. Atty., both of Baltimore, Md.

Charles W. Main, of Baltimore, Md., for claimant.

CHESNUT, District Judge.

The above case is a libel proceeding at law to condemn and forfeit the described automobile which was seized by officers of the Alcohol Tax Unit upon the occasion of the arrest on September 26, 1935, of one Harry Larrimore, who was transporting in the automobile five gallons of untax-paid intoxicating liquor. He was duly indicted under the 1934 Liquor Taxing Act, 48 Stat. 313, pleaded guilty and sentenced in this court. He had previously been convicted and sentenced in this court on April 12, 1932, for violation of the National Prohibition Act (27 U.S.C.A. § 1 et seq.). His daughter, Mrs. Gertrude Short, has intervened in the case and resists condemnation and as claimant asks the return of the car to her on the ground that she is the bona fide owner thereof and was unaware that her father intended to use it for transporting or removing untax-paid liquor. She and her husband have resided for some years past with her father and mother on their farm in Caroline County, Maryland.

The forfeiture proceeding is taken under the authority of United States Code, title 26, § 1441 (26 U.S.C.A. § 1441), which is the last codification of the well-known section 3450 of the Revised Statutes. It is entirely clear and indeed is not disputed now by counsel for the claimant that the automobile is subject to forfeiture under that statute. Grant v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376; United States v. One Ford Coupe Automobile, 272 U.S. 321, 329, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025. It has been thoroughly well settled by the federal decisions for many years that in such a proceeding the absence of knowledge of the offense or lack of participation therein by the owner is no bar to the forfeiture of the automobile. And such forfeitures have been upheld in cases presenting factual similarity to the present case. United States v. One Lincoln Touring Car, 11 F.(2d) 551 (D.C.N.Y.); United States v. One Dodge (D.C.) 25 F.(2d) 912, affirmed 25 F.(2d) 913 (C.C.A.5). There is a district court decision to the effect that forfeiture will not be decreed where the offender's possession was obtained by trespass or theft. United States v. One Buick Roadster, 280 F. 517 (D.C.Mont.). And exceptional circumstances of this nature may still present open cases in the future. United States v. One Ford Coupe, 272 U.S. 321, 333, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025. The proceeding under R.S. § 3450 differed from a forfeiture proceeding under the National Prohibition Act, title 2, § 26 (U.S.C. title 27, § 40 [27 U.S.C.A. § 40]) with respect to the interests of an innocent owner. United States v. One Ford Coupe, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025.

The claimant in this case places her principal reliance upon the recent Act of Congress known as the Liquor Law Repeal and Enforcement Act of August 27, 1935, 49 Stat. 872, § 204 (27 U.S.C.A. § 40a) of which provides as follows:

"(a) Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle or aircraft seized for a violation of the internal-revenue laws relating to liquors, such forfeiture is decreed, the court shall have exclusive jurisdiction to remit or mitigate the forfeiture.

"(b) In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith,

(2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

This last statutory provision was doubtless passed by Congress to relieve innocent persons of forfeitures in what would otherwise be hard cases. The statute, so far as I am advised, has heretofore been construed in only two reported decisions, United States v. Alspach (D.C.) 12 F.Supp. 293, and United States v. One 1935 Ford Standard Coach (D.C.) 13 F. Supp. 104, neither of which case is in point here on the facts.

The question presented in this case is whether the facts afford a reasonable basis for the exercise by the court of the permitted power to remit or mitigate the forfeiture. The power given ought, of course, to be reasonably exercised to relieve entirely innocent owners against harsh condemnations of their property; but it should not be so loosely exercised as to give encouragement to violators of the internal revenue laws. While the third subdivision of subsection (b) above quoted is not here directly involved, it throws some light upon the legislative intent in the enactment of the statute. Thus conditional vendors are required to affirmatively inquire as to the reputation of the conditional vendee where the latter has "a record or reputation for violating laws of the United States or of any State relating to liquor." See United States v. One 1935 Ford Standard Coach (D.C.) 13 F.Supp. 104, 107. And similarly the absolute owner must show as a condition for judicial leniency "that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor." I do not construe the statute as mandatorily requiring the court to return the seized automobile to the owner merely because his or her testimony is uncontradicted that he or she did not know that it was to be used for violation of the law. The statute is rather to be construed as conferring a reasonable discretion on the court in relieving against a forfeiture where all the facts and circumstances carry conviction that the owner was entirely innocent and had no reason to anticipate improper use. It is regrettable that the facts and circumstances of this case do not convincingly demonstrate this. While it is affirmatively shown by the testimony that the automobile was purchased by the claimant with her own funds, it is also shown that it was commonly used by her father as a family car. And in addition to the records of conviction against the father, the Government agents testified that her father was known to them as a persistent violator of the liquor laws and at the time of his arrest and seizure on the particular occasion he made a statement to the effect—"go as easy as possible on the liquor charge as I have got to lose my car." Under all the circumstances of the case I conclude that it would be entirely too liberal an application of this recent statute to relieve against the forfeiture in this case. It would tend to promote evasions of the consequences of activity in violating the internal revenue laws and encourage prospective violators to have automobiles registered in the name of some other member of the family but to use them at will for illegal purposes.

Counsel may present in due course the appropriate order of condemnation.