## UNITED STATES v. ONE FORD COACH et al.
### No. 48.

District Court, E. D. Pennsylvania
February 8, 1938.

J. Lawrence Grim, Asst. U. S. Atty., of Morrisville, Pa., and J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., for plaintiff.

William P. Davis, Jr., of Philadelphia, Pa., for Atlas Automobile Finance Corp.

DICKINSON, District Judge.

Leave was granted to file supplemental briefs. These have now been submitted and the cause ripe for a ruling.

The fact situation will be developed in the course of the discussion of the case. A Ford coach, in the possession of one Harry Maseloff, was being used in the transportation of liquor in evasion of tax payable thereon. The coach, because of this, became forfeitable, and in an appropriate libel proceeding was duly forfeited by decree of Court. Following this the Atlas Automobile Finance Corporation as owner of the coach filed its petition praying that the forfeiture be "remitted or mitigated" and the coach be delivered to the petitioner.

We have been favored with a very full discussion of the whole subject of forfeitures. These may be worthy of restatement. The genius of the Admiralty Law personifies ships and ascribes to them the rights, duties and obligations of responsible persons. The law applies this doctrine in the enforcement of the revenue laws. A vehicle employed in tax evasion attempts is a guilty thing irrespective of its ownership and is subjected to forfeiture. There is in this a policy of the law. Owners of vehicles are by their interests on the side of law enforcement. Congress saw fit to soften the effects of this law to owners of guilty vehicles by empowering the Courts to remit forfeitures but has taken pains to expressly forbid remission unless the owner has complied with the named conditions. One of them is that before committing a vehicle to the control of another the owner must by inquiry make sure that such person has no criminal record.

The fact situation here is that the petitioner had this coach for sale and committed it to a man by the name of Russell Luckie, a second-hand dealer, to sell. Luckie thought he had a purchaser in Maseloff the law violator. The latter deceived Luckie into permitting him to have the use of the coach by pretending to be a prospective purchaser who wished to test the coach by a trial run. Luckie however did give the use of the coach to Maseloff without inquiry. Had he made inquiry the criminal record of Maseloff would have been disclosed. What Luckie did the petitioner in intendment of law did. This was to do the very thing which the Act of Congress provides shall deny an owner the right to a remittance of a forfeiture. 19 U.S.C.A. § 1613.

These findings made are as if set forth in formal Findings of Fact and Conclusions of 'Law called for by the Equity and Admiralty Rules. Equity Rule 70½ and Admiralty Rule 46½, 28 U.S.C.A. following section 723.

The petition is denied.