974

Gerald Openlander, Asst. U. S. Atty., of Toledo, Ohio, for the United States.

Rupp & Hahn, of Toledo, Ohio, for claimant.

KLOEB, District Judge.

This is an action in which the libelant, the United States of America, seeks to libel a certain Oldsmobile Sedan, Indiana License No. 429–407, Motor No. F–560–595, which automobile was seized by the investigators of the Alcohol Tax Unit while being driven by one Charles Louis Crabill. It is admitted that at the time of Crabill's arrest the car was being used to transport approximately one hundred and fifty (150) gallons of tax-unpaid alcohol.

To the libel of information so filed, J. D. Kitch Agency, Inc., has filed its pleading, which is denominated an intervening petition, in which it sets forth the fact that there is due it from the said Charles Louis Crabill the sum of Seven Hundred, Seventy-seven and 60/100 Dollars ($777.60), representing the balance due on the purchase price of said automobile, and that in accordance with the laws of the State of Indiana it holds a valid first lien upon said vehicle under a certain valid purchase money contract, a copy of which is attached to the intervening petition.

J. D. Kitch Agency, Inc., prays that an order may be entered herein directing the restoration to it of said motor vehicle, or that upon the sale thereof, there be paid

UNITED STATES v. OLDSMOBILE SEDAN, INDIANA LICENSE NO. 429–407, MOTOR NO. F–560–595 et al.

No. 575.

District Court, N. D. Ohio, W. D.

Oct. 21, 1938.

to it a sum sufficient to cover its lien, and for all other proper relief.

This matter was presented to the court, a jury having been waived by the parties.

The parties have orally stipulated as follows:

1. That the J. D. Kitch Agency, Inc., is the owner and holder of a certain Indiana title contract—time basis—under the provisions of which there is due and owing to it from the said Charles Louis Crabill the sum of Seven Hundred, Seventy-seven and 60/100 Dollars ($777.60).

2. That Charles Louis Crabill was heretofore, on the 20th day of January, 1933, sentenced to a term of eighteen (18) months in the United States Industrial Reformatory at Chillicothe, Ohio, because of his violation of Title 2 of the National Prohibition Act, such sentence having been imposed in the District Court of the United States, Northern District of Indiana, South Bend Division.

3. That the records of the Federal Bureau of Investigation set forth the fact as to Crabill's record as a violator of the National Prohibition Act.

4. That the record of such violation appears among the records in the office of the Police Department at Fort Wayne, Indiana.

5. Upon consent of counsel, a decree in forfeiture was ordered and we come now to consider the application for mitigation of the forfeiture under the provisions of Title 27, Section 40a, United States Code, 27 U.S.C.A. § 40a.

In support of its application for mitigation the J. D. Kitch Agency, Inc., called as a witness Mr. Robert Powland, its attorney and credit manager. He testified that after the application for the loan had been taken from Charles Louis Crabill he communicated with the Credit Rating Association which, as its name indicates, is an agency located in Fort Wayne which seeks to give information to its members as to the credit and financial standing of prospective applicants for loans, and that, relying upon the report furnished by said Credit Rating Association, the loan was made on the automobile sought to be forfeited.

The intervening petitioner then called as a witness Miss Verna Aumann, who is the assistant manager of said Credit Rating Association. She testified that prior to making the loan, one of the representatives of the J. D. Kitch Agency, Inc., telephoned her and requested information from her as to the financial standing of one Charles Crabill; that upon an investigation she discovered that the files of the Association contained a credit card for Charles Crabill and another for Charles L. Crabill; that the credit card for Charles L. Crabill, among other information, contained newspaper clippings relative to his arrest and imprisonment for the violation of the liquor laws. The court notes from these newspaper clippings which were introduced in evidence that Crabill is described at various places in these accounts as "a well-known bootlegger." Miss Aumann further testified that she told the representative of the J. D. Kitch Agency, Inc., that their files contained this information, and that one of the Crabills had a good reputation while the other had a bad one, or, as she put it: "that I had detrimental information about one of the Crabills."

Miss Aumann also testified that the Kitch Agency had been a member of the Credit Rating Association for more than fifteen (15) years, and that no inquiry was made by her, or by anyone connected with the Association, or the Chief of Police, Sheriff, Federal Internal Revenue Officer engaged in the enforcement of the liquor laws, or in fact any Federal, State or Municipal officer, as to the criminal record of either Charles Crabill or Charles Louis Crabill, but that had such a request been made by the Kitch Agency, the Association would gladly have obtained such information without extra charge.

By the provisions of Section 40(a), subsec. (b), of Title 27, United States Code, 27 U.S.C.A. § 40a (b), it is apparent that there are three "minimum requirements for mitigation, viz:

"1. That the claimant has an interest in the automobile which it acquired in good faith.

"2. That the claimant at no time had any knowledge or reason to believe that the automobile would be used in the violation of the laws of the State or United States relating to liquor; and

"3. In the event the mortgagor has a record or reputation for violating any State or United States laws relating to liquor, the claimant must show that before it acquired its interest it made inquiry of the Sheriff, Chief of Police, Federal Liquor Enforcement Officer of the locality

in which the mortgagor resided, and that it was at that time informed that the applicant (the mortgagor) had no such record or reputation."

It is admitted in this case that the claimant has an interest in the automobile which was acquired in good faith, and that at the time of acquiring such interest it had no reason to believe that the automobile would be used in the violation of the liquor laws of the State or the United States. Were these the only requirements, there would be no question but that the prayer of the intervening petition of the J. D. Kitch Agency, Inc., should be allowed. However, we have in this instance a situation where the mortgagor of the vehicle had a previous record for violation of the liquor laws. The evidence introduced on behalf of the Agency itself was such as to place it on guard as to the character of the individual with whom it was dealing. Not only was there a failure to inquire of the Sheriff, Chief of Police and the principal Federal Internal Revenue Officer engaged in the enforcement of the liquor laws as to Crabill's reputation, but the evidence is that even from the information which the Kitch Agency acquired from the Credit Rating Association, is had every reason to believe that the applicant for the loan in this instance had a previous record. Under these circumstances, as stated in United States v. One 1935 Ford Standard Coach Automobile, etc., D.C., 13 F.Supp. 104, information obtained from the Association was certainly sufficient to put the representatives of the Kitch Agency on guard.

Under the circumstances, the court has no choice but to deny the application of the J. D. Kitch Agency, Inc. This decision is, under the circumstances, in line with C. I. T. Corporation v. United States, 4 Cir., 86 F.2d 311; United States v. One Ford V-8 Truck et al., D.C., 17 F.Supp. 439; United States v. One 1933 Ford V-8 Coach, D.C., 14 F.Supp. 243; and the decision of the Circuit Court of Appeals of this circuit as reported in Universal Credit Company v. United States, 91 F. 2d 388.

It appearing to the court that the Director of Procurement of the Treasury Department has made application for the delivery of the Oldsmobile Sedan, which is the subject of this libel, to the Treasury Department, Bureau of Internal Revenue, for official use in the event of its forfeiture, the court at this time grants such application, and orders said vehicle turned over to the Treasury Department, Bureau of Internal Revenue, for official use upon payment of the storage charges which have accrued.