**UNITED STATES v. ONE 1937 FORD TRUCK MOTOR NO. BBI–3424365, OHIO 1938 LICENSE 6–BR–86.**

No. 838.

District Court, N. D. Ohio, E. D.

July 27, 1939.

E. B. Freed, U. S. Atty., and Roy Scott, Asst. U. S. Atty., both of Cleveland, Ohio, for the United States.

Harry Glick, of Cleveland, Ohio, for respondent.

WILKIN, District Judge.

In this action the United States of America filed a libel against One 1937 Ford Truck, Motor No. BBI–3424365, Ohio 1938 License 6–BR–86, seized by officers of the Alcohol Tax Unit on August 6, 1938, and containing at the time six 250-gallon still fermenters, a 260-gallon copper still, copper coils, twelve 250-gallon fermenting vats, all commonly used in the manufacture of illicit liquor. The car at the time was in the possession and under the control of Joe D'Amico.

An intervening petition was filed by George Scudieri opposing the order of forfeiture and praying that the motor vehicle be returned to the petitioner as owner. Trial to a jury was waived and the case presented to the court.

After the trial, intervening petitioner admitted that the government was entitled to an entry of forfeiture. The case then presented the question of remission as prayed for in the intervening petition.

The evidence disclosed that the intervening petitioner was the owner of the libelled truck. Joe D'Amico and George Scudieri testified that the truck had been lent by the owner to D'Amico for the purpose of hauling an ice box which D'Amico expected to buy. D'Amico and Scudieri are brothers-in-law and live in the same building at 700 East 162 Street. While on his mission for the ice box D'Amico was offered, by two men unknown to him, the sum of $10 if he would haul some things for them that night. He returned to the house where he and Scudieri lived, and later that night departed again with the truck, following one of the unknown men who was driving D'Amico's personal automobile. At the corner of 55th Street and Euclid Avenue he met Tony Spagnola and took him aboard the truck for the purpose of taking him home after the hauling was done. According to D'Amico's statement, Spagnola was a friend whom he chanced to meet. According to the testimony of Investigator Williamson of the Alcohol Tax Unit, Tony Spagnola is well known as a bootlegger and had a record for violations of the liquor laws. From 55th Street and Euclid Avenue the truck proceeded to the rear of 1820 Valentine Avenue, where it was seized.

Both D'Amico and Scudieri testified that the truck was used ordinarily by Scudieri in hauling building supplies for the Collinwood Shale & Brick Company; Scudieri said it was his "bread and butter". But both witnesses also testified that the truck had been used on various other occasions by D'Amico with the consent and knowledge of Scudieri.

Joe D'Amico admitted that he had been arrested in 1934 for having in his possession illegal whiskey and certain property designed for the manufacture of intoxicating liquor. D'Amico referred to the character of the arrest as "a still case". It was admitted that the case had been disposed of in this court by an order suppressing the evidence for insufficiency of the search warrant. Scudieri denied knowledge of the arrest of D'Amico and also denied knowledge of the illegal purpose for which the truck was to be used.

The legal question to be determined by the court is whether, in view of all the evidence, the intervening petitioner is entitled to an order of remission or mitigation of forfeiture under the provisions of Tit. 27, U.S.C. § 40a, 27 U.S.C.A. § 40a.

In order to qualify for an order of remission, that section of the Code requires that the claimant must prove:

"(1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith,

"(2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor." United States v. One Chevrolet Sedan, D.C., 18 F.Supp. 799.

Intervening petitioner's ownership was admitted. This court feels, however, that the petitioner has failed to prove that he at no time had reason to believe that the automobile would be used in violation of the liquor laws. The circumstances at-

tending the use of the borrowed car were such as to require investigation. The time of night when it was taken from the owner's premises would alone suggest to a careful and diligent owner that he ought to ask what use was to be made of it.

■ The section of the Code (Tit. 26, Sec. 1441, 26 U.S.C.A. § 1441) governing forfeiture, and the section (Tit. 27, Sec. 40a) governing remission or mitigation of forfeiture, both impose upon the owners of automobiles and other vehicles some obligation to see that they are not used for the transportation of goods or commodities in respect whereof any tax is imposed, with intent to defraud the United States of such tax. United States v. One Plymouth Coupé, Engine No. PC 93353, D. C., 14 F.Supp. 610.

■ Sec. 40a, Tit. 27, U.S.C., 27 U.S.C. A. § 40a, provides particularly that if the person using the automobile has a "record or reputation for violating laws of the United States or of any State relating to liquor", an owner who permits such use is required to make a special investigation. That provision of Sec. 40a applies particularly to persons and companies engaged in the financing of automobile purchases, but its provisions are broad enough to cover also a case like this, where the owner lends his car. One who holds a lien upon an automobile, or one who lends his automobile, is required to exercise some care that such automobile shall not be used for the purposes prohibited by Sec. 1441 of Tit. 26. "A record or reputation" is a warning to such owner or lienor requiring special inquiry at the headquarters of the sheriff, chief of police, principal federal internal revenue officer, or other principal local or federal law enforcement officer. In this case the owner made no such investigation. United States v. Oldsmobile Sedan, Indiana License No. 429–407, Motor No. F–560–595, D.C., 24 F.Supp. 974.

■ Counsel for the intervening petitioner assert that "Joe D'Amico does not have a record for violation of liquor laws, either federal or state". While it is admitted that D'Amico was arrested in 1934, that item is disposed of by the statement that "he was discharged on motion". Counsel for the intervening petitioner construe the word "record" to mean "conviction". But it is significant that the lawmakers did not use the latter word. It seems to this court, therefore, that such a construction is not justified. Taking into consideration

the fact that the word "record" is used in connection with the word "reputation", and construing it with reference to the purpose of the law, it would seem that "record" would include arrest as well as conviction.

■ If the owner had made the investigation suggested in the statute, his attention would have been directed to the case of United States v. Joe D'Amico, No. 14803 in this court, and, while that record would have shown that the case was dismissed on motion, it would have satisfied the owner that Joe D'Amico had been arrested at that time for having in his possession large quantities of whiskey and equipment for the manufacture of whiskey,—evidence sufficient to put the owner on inquiry as to the use Joe D'Amico might be intending to make of the truck.

Since the court has not been satisfied that the owner of the car "had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor", and since the owner failed to make the investigation required by the statute under which he claims remission, the court must deny the prayer and dismiss the intervening petition, and it is so ordered.