## UNITED STATES v. ONE 1936 MODEL FORD COACH AUTOMOBILE, MOTOR NO. 18–2550887.

### Civ. A. No. 312.

District Court, M. D. Georgia, Macon Division.

Nov. 18, 1944.

John P. Cowart, Asst. U. S. Atty., of Macon, Ga., for United States.

Earl W. Butler, of Macon, Ga., for claimant.

LOVETT, District Judge.

In this action the United States of America filed a libel against the above described automobile which was seized by officers of the Alcohol Tax Unit on July 7, 1944, while in the possession of Abraham Green and while being used in the transportation of two gallons of distilled spirits on which the tax had not been paid. The automobile was duly forfeited by order of the court. Walter Austin, claimant, then filed his petition as owner of the car praying that the forfeiture be remitted or mitigated and that the car be returned to him. The case was heard before the court, jury trial having been waived, supplementary briefs were filed, and the case is now ready for decision.

The legal question to be determined by the court is whether, in view of the evidence, the intervening petitioner is entitled to an order of remission of forfeiture under the provisions of the Criminal Code, 18 U.S.C.A. § 646(b): "* * * the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of the laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of * * * any contract or agreement under which any person having a record * * * relating to liquor has a right with respect to such vehicle * * * (then, the claimant must prove) that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, * * * the claimant * * * was informed in answer to his inquiry, at the headquarters of the * * * principal local or Federal law-enforcement officer of the locality * * * as to the character or financial standing of

such other person, that such other person had no such record or reputation".

■■ If petitioner has failed to prove either of these three prerequisites to remission, he is not entitled to relief. The court feels that he has proved none of them. All the circumstances attending the purchase and use of the automobile, and not merely the oral testimony, must be considered in determining the justice of petitioner's cause.[1]

■ It appears that Noah Grimes, who had a reputation as a bootlegger, accompanied petitioner when he bought the car from one D. F. McKinley in Fort Valley, Georgia, on July 7, 1944, and that petitioner and Grimes each paid one-half the purchase price. However, at Grimes' request a receipt for the entire amount was given to petitioner. The two purchasers then drove the car into Macon, going past Warner Robins field, where petitioner was employed, and almost immediately on arriving at Macon, around 5 p. m., petitioner loaned the car for no consideration to Abraham Green, a known bootlegger whom he had known for only a short time, for the purpose, he alleged, of driving to Cross Keys on the other side of Macon to collect some money due him by some one living there. Petitioner then caught the bus back to his job at Warner Robins, where he worked on a night shift, and that night the car was seized.

Though petitioner himself had no record of violating the liquor laws, the fact that he bought the car in conjunction with one who did have such a reputation, and immediately then went out of his way, i. e., drove past his place of employment to Macon to lend it to a comparative stranger and then himself caught the bus back to his place of employment, leaves me in doubt both as to his good faith in making the purchase and as to his lack of suspicion of the purpose for which the car was to be used.

■ As for the third prerequisite, which requires an investigation of the user, it is not contended that any investigation of Green was made. Though the cases appear to be in conflict,[2] I am of the opinion that the duty of inquiry is limited to cases where the person to be investigated has a joint interest in the car such as would give him a legal right to its possession. There is no evidence in the instant case that the user, Green, had any such right. He was only interested in the sense that it was of interest to him to use the automobile for illicit liquor traffic: "And the statute does not use the word 'interest' or the phrase 'interested in'; the statute uses the word 'right', and I am satisfied that the word 'right', as used in the statute, means 'legal right'. Some of the decisions use the word 'interest' or the phrase 'interested in', but I am satisfied that the courts using such phraseology meant 'legal interest' or 'legally interested in', and meant such phraseology to be synonymous with 'legal right.'" United States v. One Studebaker Coupe, D.C.W.D. Va.1941, 39 F.Supp. 250, 254.

■ Furthermore, even in cases where the user does have a legal interest in the vehicle, I do not feel that the duty of inquiry is mandatory where both good faith and the absence of a reason to suspect are shown. In such cases, if investigation were required exclusive of any consideration of good faith and reasonable suspicion, the investigation requirement might be violative of the Fourth Amendment to the Constitution, securing citizens against unreasonable seizure of property.

■ This does not mean that investigation should not be strictly required where circumstances are such as would reasonably arouse suspicion. Reasonableness should be the test, and no court should go further in making a reasonable interpretation of the statute. Cf. United States v. One 1935 Ford, Etc., Automobile, D.C.W.D.Tenn., 1935, 13 F.Supp. 104.

However, since petitioner has not proved to the satisfaction of the court both a good faith purchase and the absence of a cause to be suspicious of the possibility that the automobile might be used for the illicit transportation of liquor, the prayers of petitioner are denied.

---

[1] Cf. United States v. One Plymouth Coupe, D.C.Md.1936, 14 F.Supp. 610.

[2] United States v. One 1937 Ford Truck, D.C., 29 F.Supp. 278, and United States v. One Ford Coach, D.C., 24 F.Supp. 159, holding that provisions of 18 U.S.C.A. 646(b) (3) are broad enough to require investigation of one to whom owner lends his automobile.