# UNITED STATES v. ONE 1936 MODEL V-8 FORD COACH.

## No. C-114.

District Court, S. D. Georgia, Dublin Division.

Jan. 25, 1945.

H. H. Durrence, Asst. U. S. Atty., of Savannah, Ga., for the United States.

B. P. Jackson, of Vidalia, Ga., for claimants.

LOVETT, District Judge.

In this action the United States of America filed a libel against the above described automobile which was seized by officers of the Alcohol Tax Unit on May 13, 1944, while being used by Jack D. Burns, owner of the car subject to a bill of sale to secure debt, in the transportation of two gallons of distilled spirits on which the tax had not been paid. The automobile was duly forfeited by order of the court.

Elmer Mixon and Brice Banking Company, as surety on the note secured by the bill of sale to secure debt and as grantee under said bill of sale respectively, filed their claim of title and right to possession to the vehicle and filed a cost bond as provided in the Internal Revenue Code, 26 U.S. C.A.Int.Rev. Code, § 3724(b) and (c): "If the (seized) goods are found * * * to be of the value of $500 or less, the said collector * * * shall publish a notice, for three weeks, in some newspaper of the district where the seizure was made, describing the articles, and stating the time, place, and cause of their seizure, and requiring any person claiming them to appear and make such claim within thirty days * *. (c) Any person claiming the goods * * * so seized, within the time specified in the notice, may file with the said collector * * a claim, stating his interest in the articles seized, and may execute a bond to the United States in the penal sum of $250 * * * conditioned that, in case of condemnation of the articles so seized, the obligors shall pay all the costs and expenses of the proceedings to obtain such condemnation; and upon the delivery of such bond to the collector * * *, he shall transmit the same, with the * * * description of the goods seized, to the United States district attorney for the district, and said attorney shall proceed thereon in the ordinary manner prescribed by law."

The claim was duly transmitted to the district attorney, and pending trial in this court, the vehicle was delivered to claimants upon their execution of sufficient penal bond as is required by the Criminal Code, 18 U.S.C.A. § 646(d).[1]

---

[1] "In any proceeding in court for the forfeiture under the internal-revenue laws of any vehicle or aircraft seized for the violation of the internal-revenue laws relating to liquor, the court shall order delivery thereof to any claimant who shall establish his right to the immediate possession thereof, and shall execute * * * a bond to the United States for the payment of a sum equal to the appraised value of such

The legal question to be determined is whether, in view of the evidence, the claimants are entitled to an order of remission of forfeiture under the provisions of the Criminal Code, 18 U.S.C.A. § 646(b): " * * * the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle * * *, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of the laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of * * * any contract or agreement under which any person having a record * * * relating to liquor has a right with respect to such vehicle * * * (then the claimant must prove) that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement * * * the claimant * * * was informed in answer to his inquiries, at the headquarters of the * * * principal local or Federal law-enforcement officer of the locality * * * as to the character or financial standing of such other person, that such other person had no such record or reputation."

The court feels that claimants have met the prerequisites, and remission to the extent hereafter stated is hereby ordered.

It appears that claimant, Elmer Mixon, is a used car dealer in Vidalia, Georgia, and the vendor of the vehicle in question sold to Jack D. Burns. The purchase price was $500, of which $250 was paid in cash, and Burns' note was given for the balance.

The note, including carrying charges, insurance and other costs incident to the transaction, amounted to $320. As was customary in the business of claimant, Mixon, he procured the Brice Banking Company to finance the deal. The bank advanced to Mixon the amount of the note, and Burns made his note payable to the bank, and it was indorsed by Mixon. In order to secure the note Burns also executed to the bank his bill of sale to secure debt.

Mixon is obligated and liable to the Brice Banking Company for the amount of the note on account of his indorsement as surety, and he has, therefore, an interest, which I find to be in good faith, in the automobile to the extent that he is obligated to pay the note to the bank if it is not paid by the maker. The bank has an interest, also in good faith, as creditor in the amount of the note and as grantee under the bill of sale to secure debt.

The evidence indicates that neither claimant had any knowledge or reason to believe the car would be used in violation of the liquor laws. Under such circumstances no' investigation of Burns was necessary.[2] Nevertheless, Mixon did make diligent inquiry of the principal local law enforcement officer of the locality and was informed that Burns had a good reputation for paying his debts, that his financial and moral standing was good and that he had no reputation or record for violation of the liquor laws or any other laws.

The prerequisites of the law having been complied with, the prayers of the petitioners are granted. Upon payment of all court costs and storage charges an order may be entered.

vehicle or aircraft. Such bond shall be conditioned to return such vehicle or aircraft at the time of the trial * * *."

[2] I do not feel that the duty of inquiry is mandatory where both good faith and the absence of a reason to suspect are shown. If investigation were required exclusive of any consideration of good faith and reasonable suspicion, the investigation requirement might be violative of the Fourth Amendment to the Constitution securing citizens against unreasonable seizure of property. Reasonableness should be the test. United States v. One 1936 Model Ford Coach, D.C.S.D.Ga., 1944, 58 F. Supp. 802; United States v. One 1935 Ford Automobile, D.C.W.D.Tenn., 1935, 13 F.Supp. 104. Cf. United States v. One Ford Coach, D.C.E.D.Pa., 1938, 24 F. Supp. 159.