**UNITED STATES of America,
Libelant,**

v.

**ONE FERGUSON FARM TRACTOR, Engine Number 2120–E148154, Serial Number TO–50320, Respondent.**

No. 1738.

United States District Court
E. D. Virginia, Norfolk Division.

Nov. 8, 1954.

John M. Hollis, Asst. U. S. Atty., Norfolk, Va., for libelant.

James N. Garrett, Portsmouth, Va., for respondent.

HOFFMAN, District Judge.

This is a proceeding for forfeiture of a farm tractor, more particularly described in the libel of information, occasioned by an alleged breach of § 3321, Title 26 U.S.C.A., in that the tractor was being used by an unknown party in the removal, deposit and concealment of two bags of rye meal intended to be used in the manufacture of untaxed distilled spirits. The petitioner-claimant, Nellie Bedwell, has filed a petition for remission or mitigation of forfeiture as provided by § 3617, Title 18 U.S.C.A.

The petitioner-claimant, hereinafter referred to as the "wife", has lived with her husband, Ray Bedwell, for a period of 14 years. It appears that these parties, together with their two children, lived in West Virginia prior to the early part of 1951. They apparently moved to Norfolk County, Virginia, in the fall of 1951 at which time the tractor involved was purchased in the name of the wife. With a frank statement the wife admits the conviction of her husband in the State of West Virginia approximately five or six years ago, for violating the liquor laws, which conviction resulted in a fine. She believes this conviction was for illegal possession of whiskey, although she is not too certain as to the details. She denies any knowledge or suggestion of her husband's illegal activities with regard to liquor laws since the West Virginia offense and it must be admitted that there is no affirmative evidence indicating violations subsequent to that date.

The farm property was purchased in the name of the wife at approximately the same time the tractor was acquired. There is evidence indicating that the separate funds of both the husband and wife were used to acquire these assets. The husband was regularly employed in a gainful occupation and only a small portion of the farm was used for cultivation purposes. The wife and husband assist in cultivating a 30-acre crop of corn and soy beans, but most of this farm work is done by the 12 year old son. Wife admits the knowledge of the existence of "rye meal" which she states is used to feed some six or eight hogs maintained on the farm.

On the morning of the 14th day of December, 1953, three officers (two of whom testified) were investigating the locality in question some 500 to 600 yards away from the Bedwell home. They stumbled upon 25 empty jugs standing in a reed bed. After a very few minutes the officers heard a tractor approaching, which was being driven by an unidentified man, containing two bags of meal being carried on the tractor blade. One bag was identified as being a large white bag; the other as being a smaller burlap bag. The tractor passed the officers, went out of sight, presumably stopped, and later returned to the Bedwell farm without the bags in question. The officers then moved from this location and later saw two men approaching carrying the bags of meal. The large white bag was being carried by a man positively identified as Ray Bedwell, the husband of the petitioner-claimant. The two men proceeded to a "still" located approximately 600 to 700 yards distant from the Bedwell home. While the distillery was not in operation at the time, all was in readiness for activity to commence. At the "still" the officers attempted to arrest Bedwell and his associate but Bedwell escaped. The officers later went to the Bedwell home where the tractor was seized in the barn. The particular tractor was identified by the presence of some meal on the blade and the existence of mud and mud tracks leading from the tractor to the location where the bags of meal were deposited.

According to the arresting officers, Mrs. Bedwell at first denied her identity and stated that "Mrs. Bedwell had gone to town that morning". She later admitted her identity after which her husband was arrested and charged with unlawfully having in his possession distilling equipment in violation of § 4–77, of the Code of Virginia 1950. The evidence does not disclose the disposition of this charge. In explanation of giving erroneous information as to her identity, the wife states that she understood the officers to ask whether "Mrs. Bledsoe" lived there, and that she was "excited" as her son had told her the officers had been at the barn. She admits, however, that no such person as "Mrs. Bledsoe" is known to her.

Subsequent to the attempted arrest of Bedwell and his co-partner in crime, the officers returned to the place where the tractor had deposited the two bags, only to find that the bags had disappeared. The chain of circumstances leads to the inescapable conclusion that the farm tractor was used in carrying the bags of meal with a designed plan to use this meal in the operation of a distillery in violation of the law. It is also significant to note the general terrain of this portion of the Bedwell farm. No road led to this part of the farm and only a tractor or other like equipment could have been used to reach any convenient place in the immediate vicinity of the distillery. It follows that forfeiture of the tractor is mandatory upon the Court.

■■ The merits of the petition for remission or mitigation as filed by the wife must now be considered. The pertinent portions of § 3617(b), Title 18 U.S. C.A., are as follows:

"In any such proceeding the court shall *not* allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had *at no time any knowledge or reason to believe that it was being or would be used in the* *violation of laws of the United States or of any State relating to liquor*".

The petitioner has met the conditions precedent as set forth in (1) above but, in the opinion of the Court, has failed to meet the burden imposed upon her in (2) above. That the burden of proof in this case rested upon the wife seeking remission or mitigation is well settled. U. S. v. Dodd, 5 Cir., 205 F.2d 260; U. S. v. Ford Truck, 3 Cir., 115 F.2d 864; U. S. v. C. I. T. Corporation, 2 Cir., 93 F.2d 469.

■■ The wife was the sole witness presented in support of her petition. Since this proceeding is civil in nature, it is appropriate for the Court to comment on the failure of the husband or son to testify. According to the wife, the husband was regularly employed but had been "off work" on the day in question. He was permitted to use the tractor, or direct its use by others, as he determined. It is the opinion of this Court that the remission or mitigation statute was enacted by Congress to protect the innocent who are diligent in their efforts with respect to inquiry or knowledge. It was never designed for the purpose of permitting law violators to title vehicles in the names of members of their families whose criminal records may be clear. There may be instances of violations too ancient to justify forfeiture under the circumstances, but such would be matters to be determined in the discretion of the Court or jury hearing the case.

■ Dealing specifically with the existing family relationship, it is well to note the opinion of Judge Chesnut in U. S. v. One Plymouth Coupe, etc., D.C., 14 F.Supp. 610, 612, in which case the daughter intervened and sought remission or mitigation. The particular offense involving the father occurred 3½ years after his conviction for violation of the National Prohibition Act, 27 U.S.C.A. § 1 et seq. The daughter, father and mother resided together on a farm in Maryland. Judge Chesnut said:

"I do not construe the statute as mandatorily requiring the court to return the seized automobile to the owner merely because his or her testimony is uncontradicted that he or she did not know that it was to be used for violation of the law. The statute is rather to be construed as conferring a reasonable discretion on the court in relieving against a forfeiture where all the facts and circumstances carry conviction that the owner was entirely innocent and had no reason to anticipate improper use. It is regrettable that the facts and circumstances of this case do not convincingly demonstrate this. While it is affirmatively shown by the testimony that the automobile was purchased by the claimant with her own funds, it is also shown that it was commonly used by her father as a family car."

This Court readily adopts the concluding words of Judge Chesnut in the cited case as its version of the facts as applied to the instant case, as follows:

"Under all the circumstances of the case I conclude that it would be entirely too liberal an application of this recent statute to relieve against the forfeiture in this case. It would tend to promote evasions of the consequences of activity in violating the internal revenue laws and encourage prospective violators to have automobiles registered in the name of some other member of the family but to use them at will for illegal purposes."

Other authorities dealing with the subject of family relationship in forfeiture cases are U. S. v. One 1937 Ford Truck, etc., D.C., 29 F.Supp. 278, an opinion by Judge Wilkin, and U. S. v. One 1941 Ford 2 Ton Truck, etc., D.C., 95 F.Supp. 214.

It is urged that a farm tractor, so necessary in the cultivation of a 30-acre tract of land, should be considered in a different light than an automobile. In modern times both are essential to the successful operation of a farm. Both are vehicles within the meaning of the statute. In permitting her husband to use the farm equipment as he determined, the wife has assumed the risks incident to the unlawful use under the peculiar facts of this case.

Bearing in mind the close relationship between the parties, the petition for remission or mitigation is denied and an order of condemnation will be entered upon presentation.